274

[No. 269-1.    Division One—Panel 2.    September 8, 1970.]
THE STATE OF WASHINGTON, *Respondent,* v. JAMES AKRIDGE, III, *Appellant.*

*Ralph A. Alfieri,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Jerry Brian Riess, Deputy,* for respondent.

WILLIAMS, J.—On December 3, 1968, two armed men robbed the Seattle Community College Bookstore. Defendant James Akridge, III was identified, charged, tried to a jury and convicted of armed robbery. His appeal is directed solely to the denial of certain motions which he made during the trial.

■    Just prior to the swearing of the jury, appellant moved to dismiss the panel because there were no non-Caucasians on it. He offered no evidence by affidavit, or otherwise, in support of the motion, nor did he make an offer of proof tending to show purposeful discrimination based upon race. Discrimination in the selection of a jury

panel must be proven. *State v. Green,* 70 Wn.2d 955, 425 P.2d 913 (1967); *Swain v. Alabama,* 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824 (1965). Since discrimination was not proven, the trial court correctly denied the motion challenging the jury panel.

■ Appellant then moved for a continuance for the reason that he required more time to secure the attendance of two witnesses who would testify that he was at a place other than the book store when the crime occurred. Subpoenas were neither requested nor issued, and the location of the witnesses was not known. There was no showing of the exercise of due diligence to secure the attendance of these witnesses. The trial court did not abuse its discretion in denying the motion for a continuance. RCW 10.46.080; *State v. Fortson,* 75 Wn.2d 57, 448 P.2d 505 (1968).

■ Next, following the reading of the instructions to the jury, appellant moved to reopen his case in chief for the purpose of introducing evidence as to identification of an automobile which linked appellant to the robbery. A motion to reopen rests in the sound discretion of the trial judge, *State v. Harmon,* 21 Wn.2d 581, 152 P.2d 314 (1944). The trial court did not abuse its discretion in denying the motion to admit testimony of witnesses who had been available throughout the course of the trial.

Appellant's motion for a new trial raises the same problem of the missing alibi witnesses as did the motion for continuance. Since it was not an abuse of discretion to deny the continuance, it was not an abuse to refuse to grant a new trial on the same ground. *Woods v. Greenblatt,* 163 Wash. 433, 1 P.2d 880 (1931).

Affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.