[No. 1284-1.    Division One—Panel 1.    March 5, 1973.]

THE CITY OF SEATTLE, *Respondent*, v. ARCHIE BRENDEN, *Appellant*.

*Kenneth E. Kanev* and *John A. Strait*, for appellant.

*A. L. Newbould* and *Philip M. King*, for respondent.

FARRIS, J.—Mr. Brenden appealed his municipal court conviction to the superior court where following a trial de novo he was again found guilty of the crime of occupying or allowing another to occupy a building found to be substandard and ordered to be vacated. He appeals to this court.

In the Seattle municipal court, Brenden was fined $300. In the superior court where he appeared pro se, Brenden was fined $300 and sentenced to serve 30 days in the city jail with the jail time suspended on condition that (1) he vacate and not permit the premises to be occupied unless inspected and found to be fit for habitation, (2) he not violate any housing code provisions for 1 year, and (3) he pay court costs of the proceeding.

Error is assigned to the failure of the trial court to ap-

point counsel and the imposition of a more severe sentence without affirmatively setting forth reasons and substantiating factual data in support of the action. We affirm the conviction.

█ The record reflects that Mr. Brenden requested that the trial court appoint counsel for him. The court refused. The request was made and refused in chambers. We have no record of that proceeding nor does the record reflect that a transcript of the in-chamber proceedings was made. The only reference in the record is the trial court's statement:

> Let me dispose of this question of your statement about counsel and continuance. This was discussed in chambers and I did tell you that under the circumstances as the file reflected that I would not appoint counsel for you because you weren't indigent. And in addition to that you had been represented by counsel right up to the day before this. And in addition to that you had had two previous continuances and these matters have to be brought to a conclusion.

An indigent accused misdemeanant may have appointed counsel if he is faced with the likelihood of imprisonment. *See Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972). The *Argersinger* decision was rendered subsequent to the trial of the instant cause. The language of the decision indicates that its effect is prospective only.

> Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.

*Argersinger v. Hamlin, supra* at 40.

Further, in determining whether a new ruling should be given retroactive effect, fairness and feasibility play important roles. *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967).

Mr. Brenden was not denied his constitutional right to a

fair trial by the trial court's failure to appoint counsel. He discharged his retained counsel on the day prior to trial. Although the cause had been brought to the attention of the court when Brenden obtained two prior continuances of the matter, he did not request assistance of counsel until the date of trial after two additional requests for a continuance had been refused. The record shows that he was a landlord with at least five rental units. We do not here define indigency, but a substantial property owner is not indigent.

We suggest but do not now hold that when the question of indigency is raised it is proper for the court to make a factual finding on the issue. The court on appeal then has a basis for review without the necessity of searching the record. We are satisfied by a review of the record that no harm resulted here from the failure to specify reasons. We find no abuse of discretion.

When a matter is reviewed by a trial de novo, the reviewing court can properly sentence within the limits of the offended statute without regard to the prior sentence. There is no requirement to stay within the limits of the sentence imposed by the inferior court. *See* RCW 35.20.070. *See also Colten v. Kentucky,* 407 U.S. 104, 32 L. Ed. 2d 584, 92 S. Ct. 1953 (1972). However, whether the sentence was increased as a penalty for having appealed is a proper question on review. Pursuant to RCW 35.20.030, the accused has a right to appeal. This right is absolute; there is no penalty for its exercise. While we do not here *require* it, stated reasons for the increase in penalty would be of assistance to the court on review in resolving the question if raised. Here the record reflects a reasonable basis for the sentence imposed. Its purpose was to enforce compliance as well as to punish noncompliance. We find no abuse of discretion in the sentence.

Affirmed.

SWANSON, C.J., and JAMES, J., concur.