[No. 2182-1.    Division One.    April 15, 1974.]

THE CITY OF SEATTLE, *Respondent*, v. ROBERT BURTON HEATH, *Appellant*.

*E. Gary Donion,* for appellant (appointed counsel for appeal).

*John P. Harris, Corporation Counsel,* and *Myron L. Cornelius, Assistant,* for respondent.

CALLOW, J.—The defendant, Robert Burton Heath, was driving south on a 4-lane road in the outside lane on a rainy evening in October 1972. As he approached a traffic signal controlled intersection, he moved left into the inside lane and felt a slight bump in the rear of his car as he collided with a vehicle driven by one Marlene Owen, who was traveling in the same direction. The testimony of the defendant and of Ms. Owen is in direct conflict on whether the defendant signaled before he changed lanes or not. Both cars stopped at the intersection for a few seconds. The defendant was aware of the collision but testified that because the light was green he continued to make a left-hand turn and proceeded one-half block away to a store parking lot. The defendant then inspected his vehicle, found no damage and went into the store. Ms. Owen followed the defendant to the store parking lot and copied down his license number but did not identify herself to the defendant. She testified she was apprehensive and did not wish to confront an unknown driver. Four days after the accident, the defendant was interviewed by a detective of the Seattle Police Department, was advised of his rights and made a voluntary written statement about the collision. At that time, he stated: "I haven't gotten around to going in and getting a driver's license as yet."

The defendant was convicted in municipal court of negligent driving, of leaving the scene of an accident with an attended vehicle and driving without a valid driver's license. Upon appeal to the Superior Court, he was convicted on each of the three charges upon the trial de novo; and an increased sentence was imposed in both the amount of fine and incarceration.

The issues raised on appeal challenge the sufficiency of the evidence on each of the three charges, the admission of

certain exhibits into evidence and the imposition of the increased sentences following the conclusion of the Superior Court trial.

The findings of fact entered by the trial court stated:

I.

That on October 22, 1972 defendant, Robert Burton Heath, was operating a motor vehicle in a southbound direction on 35th Avenue S. W. in the City of Seattle; that at about S. W. Webster Street defendant caused his vehicle to change lanes in front of a vehicle driven by Marlene Owen such as to cause a collision with said vehicle at about 7: 30 P.M.

II.

That at the time mentioned in Finding of Fact No. 1 defendant was not licensed to drive.

III.

That following the aforementioned accident defendant left the well-lit intersection where the accident occurred and proceeded to an area with no lighting approximately three-quarters of a block away; that at no time did defendant ever identify himself to the other driver or report the accident to the Seattle Police Department.

■ The evidence presented was sufficient to establish each element of the charges of negligent driving, leaving the scene of an accident with an attended vehicle and driving without a valid driver's license. The function of a trial court in considering a challenge to the sufficiency of the evidence in a nonjury case was stated as follows in *Hunt v. Matthews*, 8 Wn. App. 233, 236, 505 P.2d 819 (1973):

The trial court has a choice in ruling on a challenge to the sufficiency of the evidence in a nonjury case. It may either (a) proceed as in a jury case, treat the plaintiff's evidence as true, and rule, as a matter of law, that plaintiff has or has not established a prima facie case; or (b) it may weigh the evidence and rule as a matter of fact. *N. Fiorito Co. v. State*, 69 Wn.2d 616, 419 P.2d 586 (1966); Trautman, *Motions Testing the Sufficiency of Evidence*, 42 Wash. L. Rev. 787, 802 (1967). The trial court entered findings and decided as a matter of fact that the plaintiff had not established a prima facie case. Substantial evidence supports these findings. *Richards v. Kuppinger*, 46 Wn.2d 62, 64, 278 P.2d 395 (1955).

In this case, it is apparent from the oral decision and from the findings and conclusions of the trial court that the evidence was weighed; and it was determined that the City of Seattle had established a prima facie case against the defendant. Our review, therefore, is limited to ascertaining whether the findings of the trial court are supported by substantial evidence. *State v. Randecker,* 79 Wn.2d 512, 487 P.2d 1295 (1971).

██ When a challenge to the sufficiency of the evidence is made at the conclusion of the presentation of the prosecution in a criminal case, all reasonable inferences are to be drawn in favor of the prosecution, and the evidence is to be interpreted most strongly against the defendant. *State v. Costello,* 59 Wn.2d 325, 367 P.2d 816 (1962); *State v. Birdwell,* 6 Wn. App. 284, 492 P.2d 249 (1972); *State v. Pristell,* 3 Wn. App. 962, 964, 478 P.2d 743 (1970). The evidence substantiating the charge of negligent driving could be interpreted as showing that the defendant changed lanes into the path of the following driver without signaling and without being attentive to the presence of that driver. The evidence substantiating the charge of leaving the scene of an accident could be interpreted as showing that the defendant was aware of the collision (from the testimony that he both paused in the face of a green light and continued past an open, lighted parking space) and that he went on to a place where he could drive up an alley into a darkened parking lot where he then absented himself without taking notice of whether he had damaged the other car or not. The evidence substantiating the charge of driving without a license could be interpreted as showing that the defendant did not have a valid driver's license at the time of the accident and, indeed, had not yet received a valid driver's license at the time of the trial. Questions of credibility and whether the testimony of the witnesses was substantiated by the circumstances surrounding the transaction were problems to be resolved by the trier of the fact. We conclude that the findings of the trial court are sup-

ported by substantial evidence and, therefore, are to be taken as verities upon review.

The defendant claims the trial court erred in allowing the prosecution to reopen its case and admit exhibit No. 1 (the abstract of the defendant's driving record) and exhibit No. 2 (the abstract of the status of his driver's license). *Estes v. Hopp,* 73 Wn.2d 263, 270, 438 P.2d 205 (1968), stated:

> We have previously held that the granting of a continuance and the reopening of a cause for additional evidence is within the discretion of the trial court and that the trial court's actions in this regard will not be reversed except upon a showing of an abuse of discretion and prejudice resulting to the complaining party. *State v. Miles,* 168 Wash. 654, 13 P.2d 48 (1932); *Niemeier v. Rosenbaum,* 189 Wash. 1, 63 P.2d 424 (1936); *Sweeny v. Sweeny,* 52 Wn.2d 337, 324 P.2d 1096 (1958); *Rochester v. Tulp,* 54 Wn.2d 71, 337 P.2d 1062 (1959); *Tsubota v. Gunkel,* 58 Wn.2d 586, 364 P.2d 549 (1961).

*See also State v. Akridge,* 3 Wn. App. 274, 474 P.2d 114 (1970).

The defendant further claims that the exhibits were inadmissible because a proper foundation was not made justifying the admission of the exhibits under RCW 5.45.020.

RCW 5.45.020 reads as follows:

> A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

The defendant claims the testimony was insufficient to show that the entries were original and made in the routine of business, that the recorder had personal knowledge of the events, that the entries were made at or near the time of the transaction and that the testimony did not show how the exhibit was prepared and the information passed from one agency to the other. We disagree with these claims and

hold that the foundation was sufficient to support the admission of the exhibits.

The assistant director of the Traffic Violations Bureau of the Seattle Municipal Court testified that his office kept records relating to traffic violations by the name of each defendant. He also testified that the Municipal Court had a teletype and printer with a direct terminal to a computer at the Department of Motor Vehicles. This witness identified exhibit No. 1 as an abstract of the driving record as recorded on the computer at the Department of Motor Vehicles on the defendant, Heath. The abstract showed violations reported to the Department of Motor Vehicles by the date, place and type of violation. The witness identified exhibit No. 2 as an abstract of the status of the defendant's driver's license as contained in this computer. The assistant director testified the driving records in the computer are retrieved by feeding into it the name and birth date of the person involved. He stated that the computer then associates the retained record with the requested name and date of birth and discloses the status of the driver's license. He further said that the exhibits had been obtained for him by a clerk in the Traffic Violations Bureau, under his direction and observation, over the teletype machine 10 minutes previously.

On examination by the defense counsel, the assistant director testified that while the municipal court kept records on the status of drivers' licenses it did not have the power to issue licenses. He stated that the information on the exhibits was a printout from the teletype to the computer at the department and that he was the custodian of these records after they came from the teletype but not the custodian at the department. The information on the printouts from the teletype was stated to be the product of the Traffic Violations Bureau's files, insofar as each disposed of violation listed on the exhibits identified by the words "Mun" and "Seattle" was concerned. In addition to the violations, their dates, and the court in which the person was charged, the teletype contained the date the request

was made, the status of the individual's driver's license at the time and actions which had originated in the Department of Motor Vehicles.

The ruling of a trial judge in admitting or excluding business records is given much weight and will not be reversed unless there has been a manifest abuse of discretion. *Cantrill v. American Mail Line, Ltd.*, 42 Wn.2d 590, 257 P.2d 179 (1953).

A business record of an act, condition or event is competent evidence if the custodian or other qualified witness testified to its identity and the mode of its preparation and if it was made in the regular course of business at or near the time of the act, condition or event and if, within the sound discretion of the court, the sources of the information, method, and the time of preparation were such to justify its admission. The statute specified that the witness identifying the record may either be the custodian of the record or a qualified witness. The assistant director of the Traffic Violations Bureau, while not the custodian of the records at the Department of Motor Vehicles, was the custodian of the records at the Traffic Violations Bureau and a qualified witness insofar as his ability to testify to the identity and mode of the preparation of the teletype printouts and to testify to the preparation and recording of the information. The purpose of the statute is to permit the admission in evidence of systematically entered records made in the usual course of business without the necessity of identifying, locating and producing as witnesses each individual who made the original entries in the records.[1] No particular mode or form of record is required; and, if there is compliance with the statute, a record prepared by elec-

---

[1] The driving record may contain convictions not only of the local court but also of other courts and may reflect administrative actions taken at the Department of Motor Vehicles. For a "custodian or other qualified witness" to have personal knowledge concerning each entry would be unlikely though he could testify to the identity and mode of preparation of the total record. A trial court should exercise great care in admitting an entry whose trustworthiness is questionable and could not be refuted because of the exigencies of time.

tronic equipment and stored on tape or some other appropriate memory bank is as admissible as an account or record recording the same information. *Transport Indem. Co. v. Seib,* 178 Neb. 253, 132 N.W.2d 871, 11 A.L.R.3d 1368 (1965). *See also Merrick v. United States Rubber Co.,* 7 Ariz. App. 433, 440 P.2d 314 (1968); 5 J. Wigmore, *Evidence* § 1530 (3d ed. 1940); 3 B. Jones, *Evidence* § 609 (5th ed. 1958, Supp. 1971); Note, *Admissibility of Computer-Kept Business Records,* 55 Cornell L. Rev. 1033 (1970); Freed, *A Lawyer's Guide Through the Computer Maze,* Journal of Machine Accounting (1961).

The rule is summarized well in *King v. State,* 222 So. 2d 393 (Miss. 1969), where it was stated on page 398:

> In sum, we hold that print-out sheets of business records stored on electronic computing equipment are admissible in evidence if relevant and material, without the necessity of identifying, locating, and producing as witnesses the individuals who made the entries in the regular course of business if it is shown (1) that the electronic computing equipment is recognized as standard equipment, (2) the entries are made in the regular course of business at or reasonably near the time of the happening of the event recorded, and (3) the foundation testimony satisfes [*sic*] the court that the sources of information, method and time of preparation were such as to indicate its trustworthiness and justify its admission.
>
> We are not to be understood as indicating that computer evidence is infallible. Its probative value is the same as conventional books, and it is subject to refutation to the same extent.

■ The final contention of the defendant raises the issue of whether the trial court erred in imposing a greater punishment in superior court than that received in municipal court. He argues he has been placed in jeopardy twice. *Seattle v. Brenden,* 8 Wn. App. 472, 474, 506 P.2d 1314 (1973), held:

> When a matter is reviewed by a trial de novo, the reviewing court can properly sentence within the limits of the offended statute without regard to the prior sentence. There is no requirement to stay within the limits

of the sentence imposed by the inferior court. *See* RCW 35.20.070. *See also Colten v. Kentucky,* 407 U.S. 104, 32 L. Ed. 2d 584, 92 S. Ct. 1953 (1972). However, whether the sentence was increased as a penalty for having appealed is a proper question on review. Pursuant to RCW 35.20.030, the accused has a right to appeal. This right is absolute; there is no penalty for its exercise. While we do not here *require* it, stated reasons for the increase in penalty would be of assistance to the court on review in resolving the question if raised. Here the record reflects a reasonable basis for the sentence imposed. Its purpose was to enforce compliance as well as to punish noncompliance. We find no abuse of discretion in the sentence.

The record neither reflects the reasoning behind the sentence imposed nor, on the other hand, that the sentence was increased as a penalty for the exercise of the right to appeal. There is a reasonable basis for the sentence and its imposition does not exhibit an abuse of discretion.

The judgment is affirmed.

SWANSON, C.J., and FARRIS, J., concur.