[No. 2108–3.  Division Three.  May 3, 1978.]

THE CITY OF YAKIMA, *Respondent,* v. DEBRA J. CRAFTON, *Appellant.*

*Porter, Schwab, Royal & Edmondson* and *Paul D. Edmondson,* for appellant.

*Fred H. Andrews, City Attorney,* and *Robert I. Bounds, Assistant,* for respondent.

MUNSON, C.J.—Defendant, Debra J. Crafton, seeks review of a prostitution conviction.

The sole issue is whether the Superior Court's sentence was an impermissible enhancement of that initially imposed by the district court.

■ The district court sentenced the defendant to 90 days, with 60 suspended. On appeal, the Superior Court sentenced the defendant to 90 days, with none suspended. The rationale for such action was the latter court's belief that only the imposition of a "stiff" jail sentence would deter defendant's further practice of prostitution. There is nothing in the record to support defendant's contention that the enhanced sentence was a punishment for the exercise of the de novo right of appeal. *Colten v. Kentucky,* 407 U.S. 104, 32 L. Ed. 2d 584, 92 S. Ct. 1953 (1972); *Seattle v. Heath,* 10 Wn. App. 949, 956, 520 P.2d 1392 (1974); *Seattle v. Brenden,* 8 Wn. App. 472, 474, 506 P.2d 1314 (1973).

■ This appeal illustrates the potential for abuse inherent in an indigent's right to appeal at public expense.

Although the instant verbatim report is less than 100 pages, the testimonial portion was totally unnecessary to the appeal. We can appreciate that the assignment of new counsel to an appeal, even though trial counsel is required to assist him, may require the preparation of a complete verbatim report; however, here appellate counsel represented the defendant in both trials. Hence, the inclusion of irrelevant material was an unnecessary expenditure of public funds. While the abuse in this case was negligible, this court has been required to review irrelevant portions of reports in excess of 600 pages. Counsel must make a good faith attempt to outline the issues sought to be reviewed and a designation of only those parts of the record necessary to support them (RAP 15.2(a)). Failure to do so may warrant the imposition of terms. RAP 18.9.

This case also warrants an additional observation. A clerk's motion to dismiss pursuant to RAP 18.9 was required before defendant's counsel filed a 5–page opening brief. This resulted in a delay of almost 4 months. Then, because this is a criminal appeal, the defendant was entitled to 30 days to decide whether to file a supplemental brief. This resulted in an additional delay of at least 60 days. *See* RAP 10.1(d). As a result, 23 months have passed between the original arrest and affirmation of the judgment on appeal.

RAP 18.12 provides for accelerated disposition. Counsel, as an officer of this court, should not hesitate to move for an expeditious determination when the dispositive issues are simple. Such a request should be supported by the relevant portions of the record and a memorandum of authorities. If such a request is granted, then an appropriate time period for filing supplemental and answering briefs, and a hearing on the merits will be determined.

910

Judgment affirmed.

GREEN and MCINTURFF, JJ., concur.