[No. 11856–1–I.   Division One.   June 11, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. HOMER
R. HAYES, *Appellant.*

*Zylstra, Beeksma & Waller,* and *Edward C. Beeksma,* for appellant.

*David F. Thiele, Prosecuting Attorney,* and *Alan R. Hancock, Deputy,* for respondent.

DURHAM, C.J.—Homer R. Hayes appeals his conviction of driving while under the influence of intoxicating liquor (DWI) following a trial de novo in superior court.

On October 22, 1980, Hayes was arrested for driving while intoxicated. Hayes was found guilty at a bench trial in Island County District Court on March 10, 1981. Hayes received a fine of $398.75 and a 30–day jail sentence with 25 days suspended for 1 year on the condition that he pay the fine, obey all laws, and successfully complete an alcohol treatment program. Hayes' driver's license was also suspended for 60 days.

Hayes appealed his DWI conviction to the Island County Superior Court, and on May 18, 1981, filed a motion for deferred prosecution. The court denied the motion on the ground that it lacked jurisdiction to grant deferred prosecution or, alternatively, that Hayes had waived his rights by failing to request such relief from the district court.

A trial de novo was held in superior court on May 17, 1982. The evidence showed that, after his arrest, Hayes was taken to the Island County Sheriff's office, was read his *Miranda* rights and agreed to questioning. Hayes also agreed to take a Breathalyzer test after being advised of his implied consent rights. At trial, an objection was raised to the admission of the test results on the ground that the test was conducted improperly, but it was overruled.

The jury returned a guilty verdict, and on May 26, 1982, the court imposed a total of $455 in fines, assessments and costs and sentenced Hayes to 90 days in jail, with 75 days suspended for a period of 1 year on various conditions. The court also suspended Hayes' driver's license for 60 days.

Hayes first contends that the Superior Court erred in denying his motion for deferred prosecution. He argues that

the superior courts have the inherent authority to order deferred prosecution in misdemeanor cases, despite the fact that the relevant statute, RCW 10.05, requires that petitions for deferred prosecution be directed to courts of limited jurisdiction. We disagree.

RCW 10.05 sets forth a procedure whereby a person charged with a misdemeanor may avoid prosecution if his conduct arises out of an alcohol, drug or mental problem for which he is in need of treatment. RCW 10.05.020. If the accused petitions for deferred prosecution at the time of arraignment, RCW 10.05.010, the arraigning judge is empowered to continue the matter and refer the accused to an approved treatment facility. RCW 10.05.030. The facility then devises a treatment plan which it submits to the court. RCW 10.05.040, .050. If the court approves the plan and the accused agrees to its terms, the court may order deferred prosecution. RCW 10.05.060.

It is clear that the Legislature intended that deferred prosecution be made available in misdemeanor cases only at the district court level.[1] RCW 10.05.010 provides in part:

> *Upon arraignment in a court of limited jurisdiction* a person charged with a misdemeanor or gross misdemeanor may petition the court to be considered for a deferred prosecution program.

(Italics ours.) Where the language of a statute is unambiguous, it is not subject to judicial construction. *Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 134, 587 P.2d 535 (1978). Hayes was entitled to move for deferred prosecution in the district court, but failed to do so until his appeal to the superior court.

Hayes attempts to avoid the clear language of the statute by arguing that the superior courts have the inherent authority to authorize deferred prosecution under RCW 2.28.150, which states:

---

[1]The superior courts are empowered to grant deferred prosecution in felony cases pursuant to a separate statute. *See* RCW 9.95A.010 *et seq.*

> When jurisdiction is, by the Constitution of this state, or by statute, conferred on a court or judicial officer *all the means to carry it into effect are also given*; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by statute, *any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws.*

(Italics ours.) This argument is without merit. The statute is applicable only if the court has jurisdiction in the first instance. *In re Cross,* 99 Wn.2d 373, 380, 662 P.2d 828 (1983). Indeed, the language of the statute clearly indicates that the Legislature intended only that the courts be free to adopt whatever *procedures* are necessary to facilitate the exercise of their jurisdiction. Judicial application of the statute is consistent with this interpretation. *See, e.g., State ex rel. McCool v. Small Claims Court,* 12 Wn. App. 799, 801–02, 532 P.2d 1191 (1975) (statute held to permit district court to order a new trial in a small claims matter); *Rogoski v. Hammond,* 9 Wn. App. 500, 503–04, 513 P.2d 285 (1973) (statute held to authorize a show cause proceeding to meet due process requirements for prejudgment attachment).

Hayes next assigns error to the admission of the results of the Breathalyzer test administered at the Island County Sheriff's office. He alleges that he was not informed of his rights under the implied consent law prior to the administration of the test and that, as a consequence, the results were inadmissible. We disagree.

The implied consent law, RCW 46.20.308(1), requires that all persons arrested for drunk driving be advised of their rights under the law prior to the administration of a blood alcohol test. The arrestee must be informed that he has the right to refuse the test and to have additional tests administered, and that his license will be revoked if he refuses the test. Failure to completely advise the arrestee will render the test results inadmissible. *State v. Krieg,* 7 Wn. App. 20, 25–26, 497 P.2d 621 (1972).

■■ Here, the officer that administered the Breathal-

yzer test testified as follows:

Q: And did you advise Mr. Hayes of his implied consent rights under Initiative 242 prior to administering the test to him?
A: Yes, I did.
Q: Did he indicate to you his understanding of those rights?
A: Yes, he did.

Hayes contends that the record must specifically reflect that the arrestee was read each of the implied consent rights. Hayes offers no authority for this proposition. Moreover, Hayes did not object to the admission of the test results at trial on the ground that he now asserts on appeal. Rather, Hayes' objections at trial went to the lack of a proper foundation for admission of the Breathalyzer results. It is well settled that objections raised on appeal to the admission of evidence will not be considered unless based upon the same ground asserted at trial. *State v. Boast,* 87 Wn.2d 447, 451, 553 P.2d 1322 (1976).

Finally, Hayes argues that the Superior Court unconstitutionally penalized the exercise of his right to appeal by imposing a higher sentence than that imposed by the District Court. Once again, we find no error.

When a criminal matter is reviewed pursuant to a trial de novo, the reviewing court may properly impose any sentence within the statutory limits. *Seattle v. Brenden,* 8 Wn. App. 472, 474, 506 P.2d 1314 (1973). However, the reviewing court may not constitutionally impose a higher sentence if, in so doing, it intends to penalize the defendant's exercise of his right to appeal. *Colten v. Kentucky,* 407 U.S. 104, 116, 32 L. Ed. 2d 584, 92 S. Ct. 1953 (1972); *Seattle v. Heath,* 10 Wn. App. 949, 956–57, 520 P.2d 1392 (1974). Although it is helpful if the reviewing court states its reasons for imposing a higher sentence, it is sufficient that a reasonable basis for the sentence appears in the record. *Heath,* at 957.

Here, there is no evidence that the trial court intended to penalize Hayes. The sentence was far below the statutory

maximum, and was quite reasonable in view of Hayes' two prior DWI convictions. *See Seattle v. Koh,* 26 Wn. App. 708, 717, 614 P.2d 665 (1980); *Yakima v. Crafton,* 19 Wn. App. 907, 908, 578 P.2d 88 (1978).

The judgment is affirmed.

ANDERSEN and SCHOLFIELD, JJ., concur.

Review denied by Supreme Court September 7, 1984.