[No. 13527–9–I.   Division One.   January 13, 1986.]

MELVIN L. KNIGHT, Ph. D., INC., *Appellant,* v. RALPH MUNRO, *as Secretary of State, Respondent.*

*Mussehl, Rosenberg & Grieff* and *Lawrence R. Besk,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Jerri Lynn Thomas, Assistant,* for respondent.

RINGOLD, J.—Melvin L. Knight, Ph. D., Inc., appeals the summary judgment order sustaining the Secretary of State's refusal to permit it to convert to a professional service corporation under RCW 18.100 from an RCW Title 23A corporation through amendment of its articles of incorporation.

Appellant Melvin L. Knight, Ph. D., Inc., is a for–profit business corporation, organized pursuant to RCW Title 23A on July 24, 1981. Its employee, Melvin L. Knight, provided psychological counseling services on behalf of appellant under the supervision of a licensed psychologist until March 1982. In June 1982, appellant's employee completed his requirements to become a licensed clinical psychologist in Washington.

Following licensing of its employee, appellant sought to change its status from that of an RCW Title 23A corporation to a professional service corporation under RCW 18.100. This change was pursued through amendment of the corporation's articles under RCW 23A.16.010. The articles of amendment were filed by appellant, but were disapproved by the Secretary of State. The trial court upheld the Secretary's action and this appeal followed.

The question before this court is whether a regular business corporation organized pursuant to RCW Title 23A may be converted into an RCW 18.100 professional service corporation by simply amending its articles of incorporation? The proper interpretation of RCW 23A.16.010 is crucial to the resolution of this issue. The statute states in pertinent part that:

> A corporation may amend its articles of incorporation, from time to time, in any and as many respects as may be desired, so long as its articles of incorporation as amended contain only such provisions as might be *law-*

*fully contained in original articles of incorporation* at the time of making such amendment . . .

(Italics ours.) RCW 23A.16.010.

The interpretation advocated by appellant is that the statute requires that the articles, as amended, only contain provisions which could lawfully have been in the articles of incorporation if they had been originally created at the time of amending. In other words, the provisions in the prior articles and the current amendments should be considered together as a new filing. If the provisions would be lawful as an original filing made at the time of the amendment, then the amendment should be permitted. Since original incorporation of petitioner under RCW 18.100 would be lawful once appellant's employee became a licensed clinical psychologist, amendment of the articles to achieve this objective complies with the requirements of RCW 23A.16.010.

In the State's view, RCW 23A.16.010 prohibits any amendments that could not have been made in the original articles at the time of amending. In converting from an RCW Title 23A corporation to an RCW 18.100 professional service corporation, appellant necessarily violates this prohibition. The State notes that shareholders of a corporation under RCW 23A.08.330 have the right to create a voting trust. This right may not be extinguished by the corporation. Appellant's amended articles, however, prohibited voting trusts as required by the Professional Service Corporation Act as it then existed. RCW 18.100.090 (amended 1983). Therefore, the amendment would be unlawful if contained in appellant's articles of incorporation under RCW Title 23A. Consequently, the State contends it was correct in refusing to approve the amended articles.

The inherent flaw in the State's argument is that the interpretation advocated deviates from the strict language of the statute. RCW 23A.16.010 requires that the amended articles only contain provisions that "might be lawfully contained *in original articles* of incorporation at the time of making such amendment . . ." (Italics ours.) The State

would have the court read the statute as if it said "in *the* original articles of incorporation" or "in *its* original articles of incorporation." Nonetheless, at least one treatise advocates the same reading.

7A R. Eickhoff & J. Schneider, *Fletcher on Private Corporations* § 3695.1 (1978) discusses the amendment of articles of incorporation. On two separate occasions on the same page, the authors quote the Model Business Corporation Act § 58 from which RCW 23A.16.010 was derived. In one instance they quote it correctly and in the other they state that amendments are permitted if the new provision "might lawfully be contained in *the* original articles at the time of making the amendment." (Italics ours.) R. Eickhoff, at 403. Neither the language of the Model Business Corporation Act § 58, nor the comments following it (see Am. Bar. Found., *Model Business Corporation Act Ann.*, 225 (2d ed. 1971)) provide any support for this latter reading.

The Washington Supreme Court construed the meaning of RCW 23A.16.010 in *Golconda Mining Corp. v. Hecla Mining Co.*, 80 Wn.2d 372, 494 P.2d 1365 (1972). The court stated that the corporation code of 1965, which became "effective July 1, 1967, continued the right of a business corporation to amend its articles of incorporation from time to time, *consistent with its original powers*". (Italics ours.) *Golconda*, at 375. The court, however, in its decision held to the contrary, requiring the corporation to permit cumulative voting, a provision not within its original powers. This statement of the law is dicta and, therefore, not binding upon this court. Nonetheless, it illustrates the ease with which one may misread RCW 23A.16.010.

When the Legislature has desired to limit the ability of a corporation to amend its articles, it has provided this limitation within the statute. For example, RCW 24.06.185 of the Nonprofit Miscellaneous and Mutual Corporation Act states that "[a] corporation may amend its articles of incorporation from time to time in any and as many respects as may be desired, so long as its articles of incorporation as amended contain only such provisions *as are*

*lawful under this chapter."* (Italics ours.) The Washington Nonprofit Corporation Act contains an identical provision. RCW 24.03.160. The existence of these two provisions leads this court to conclude that if the Legislature intended to prohibit an RCW Title 23A corporation from amending its articles to conform to RCW 18.100, the Legislature would have so stated.

The State's interpretation of RCW 23A.16.010 invites the court to insert words into the statute. Yet the language of the statute, if carefully read, is clear and unambiguous and not subject to judicial construction. *Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 134, 587 P.2d 535 (1978); *State v. Hayes,* 37 Wn. App. 786, 788, 683 P.2d 237 (1984). This court, therefore, may not add language to the statute even if it believed the Legislature intended another result, but failed to adequately express it. *Adams v. Department of Social & Health Servs.,* 38 Wn. App. 13, 16, 683 P.2d 1133 (1984). We must assume that the Legislature meant exactly what it said in the language of the statute. *King Cy. v. Taxpayers of King Cy.,* 104 Wn.2d 1, 5, 700 P.2d 1143 (1985). Accordingly, the statute's meaning must be derived from the wording of the statute itself. *State v. Johnson,* 104 Wn.2d 179, 181, 703 P.2d 1052 (1985); *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 750, 675 P.2d 592 (1984).

The State claims that as the agency responsible for administration and enforcement of the statutes governing corporations, the construction it places on statutes in this area should be given great deference. *Hama Hama Co. v. Shorelines Hearings Bd.,* 85 Wn.2d 441, 448, 536 P.2d 157 (1975); *see also Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 750 n.1, 675 P.2d 592 (1984); *Rhea v. Grandview Sch. Dist. JT 116–200,* 39 Wn. App. 557, 562, 694 P.2d 666 (1985). This rule of construction only applies, however, when the statute in question is ambiguous. *Allen v. Employment Sec. Dep't,* 83 Wn.2d 145, 148, 516 P.2d 1032 (1973). Since the statute is not ambiguous, no deference need be given to the State's interpretation.

■ In light of these rules, RCW 23A.16.010 requires that the articles of incorporation, as amended, contain only such provisions as might lawfully be contained in original articles filed at the time the amendment is made. The provisions in the amended articles filed by appellant would have been lawful if contained in original articles under RCW 18.100. Therefore, no statutory prohibition upon the filing of the amended articles exists.

The State also contends that the enactment of RCW 18.100.134 in 1983 demonstrates the Legislature's desire to prohibit conversion of a profit corporation into a professional service corporation by amending its articles. RCW 18.100.134 provides that:

> A professional corporation may amend its articles of incorporation to delete from its stated purposes the rendering of professional services and to conform to the requirements of Title 23A RCW. Upon the effective date of such amendment, the corporation shall no longer be subject to the provisions of this chapter and shall continue in existence as a corporation under Title 23A RCW.

The State argues that if appellant's construction of RCW 23A.16.010 was correct, then it would be unnecessary to enact RCW 18.100.134, enabling a professional service corporation to convert to a regular business corporation by amendment. We find this argument without merit.

The Legislature has recently demonstrated a willingness to blur the distinctions between RCW Title 23A corporations and professional service corporations. RCW 18.100-.130, enacted in 1969, stated that:

> The provisions of Title 23A RCW shall be applicable to a corporation organized pursuant to this chapter except to the extent that any of the provisions of this chapter are interpreted to be in conflict with the provisions thereof, and in such event the provisions and sections of this chapter shall take precedence with respect to a corporation organized pursuant to the provisions of this chapter. *A professional corporation organized under this chapter shall consolidate or merge only with another domestic professional corporation organized under this chapter to render the same specific professional service*

*and a merger or consolidation with any foreign corpora-
tion is prohibited.*

In 1983 this statute was amended by deleting the itali-
cized sentence which restricted the ability of a professional
service corporation to merge and consolidate. The statute
now allows professional service corporations to merge and
consolidate with RCW Title 23A corporations and vice
versa.

As noted by the parties, RCW 18.100.134 enables a pro-
fessional service corporation to convert to an RCW Title
23A corporation by amendment. There is no legislative his-
tory to assist in determining the Legislature's intent. The
enactment of RCW 18.100.134, however, indicates the Leg-
islature's willingness to allow corporations to change corpo-
rate form through amendment of its articles.

In light of the recent changes in RCW 18.100.130, it
would be illogical to assert that RCW 18.100.134 was meant
to usurp the language of RCW 23A.16.010 and only permit
conversions by amendment from a professional service cor-
poration to an RCW Title 23A corporation. It serves no
purpose to hold that while an RCW Title 23A corporation
can merge or consolidate with a professional service corpo-
ration, it cannot convert itself into one by amendment.
Such a holding would merely serve to increase the financial
burden imposed on a corporation that wishes to effect this
conversion. It would force an RCW Title 23A corporation to
dissolve and reincorporate into a professional service cor-
poration, or create a separate professional service corpora-
tion with which the RCW Title 23A corporation could
merge or consolidate. We can envision no benefit to be
gained from such a needless exercise.

We discern no public policy that would be fostered by
holding that an RCW Title 23A corporation cannot convert
to a professional service corporation by amendment of its
articles of incorporation. The provisions of RCW 18.100 are
stricter than those of RCW Title 23A presumably to protect
the public. Yet, the Legislature in RCW 18.100.134 has
explicitly authorized conversion from a professional service

corporation to an RCW Title 23A corporation. In the case sub judice, appellant is attempting to utilize the amendment provision of RCW 23A.16.010 to subject itself to the stricter restraints imposed on professional service corporations. Given the plain language of RCW 23A.16.010, coupled with the Legislature's willingness to permit a conversion in the opposite direction, we can see no reason to refuse to allow appellant's conversion to a professional service corporation by amendment of its articles of incorporation.

Accordingly, we reverse.

SWANSON and GROSSE, JJ., concur.