# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74213-2-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHRISTINA ELLEN BELLAH, | ) | |
| | ) | |
| Appellant. | ) | FILED: February 13, 2017 |
| | ) | |

LEACH, J. — Christina Bellah appeals her conviction for trafficking in stolen property. At trial, she maintained that she did not know the property was stolen when she pawned it. She claims that a number of the trial court's rulings prevented her from presenting this defense. We conclude that the trial court did not abuse its discretion in denying Bellah's last-minute requests for a trial continuance and travel funds to procure cumulative testimony. We also conclude that the trial court did not abuse its discretion in prohibiting defense counsel from stating that he had the privilege of representing an innocent person or arguing that the jury's role is to protect individuals from the State. We do not consider Bellah's other evidentiary challenge because she raises her argument supporting admission for the first time on appeal. Accordingly, we affirm.

No. 74213-2-I / 2

FACTS

In 2012, Bellah rented rooms in a house owned by resident-landlord Jodie Spencer. The victim, Sandra Brown, also rented rooms in this house. In August, at Spencer's request, Brown took Spencer's teenage daughter to the emergency room. There, Spencer's daughter said that she wanted to kill herself. This prolonged the hospital visit and resulted in the daughter's admission to a mental hospital. At first, Brown did not contact Spencer because she claims that hospital personnel told her she was not allowed to call the mother without the daughter's consent. About seven hours after Brown first took the daughter to the hospital, Brown called Spencer. Spencer was angry and yelled at Brown and threatened her.

When Brown returned home, she discovered that someone had broken into her room and taken her jewelry. Her dog was also missing.

A few days later, Bellah pawned Brown's jewelry under the name Christina Ginyard.[1] According to Bellah, Spencer had told her the jewelry was Spencer's and asked Bellah to sell it. A different witness testified that Bellah had come to Spencer with Brown's jewelry box and suggested they pawn it and that Spencer refused and told Bellah to put the jewelry back.

On the Friday before trial was to begin, the defense claimed to have

---

[1] Bellah is the defendant's maiden name. Ginyard is a name from a previous marriage.

-2-

discovered two witnesses—Bellah's niece, Latisha Ferguson, and Bellah's mother, Judy Brown[2]—who could corroborate Bellah's contention that Spencer had asked Bellah to sell the jewelry. Judy lives in Arizona. On the Monday trial was to begin, Bellah asked to continue the trial so Judy could travel to Washington to testify. Bellah also asked for public funds for Judy's airfare. The trial court refused both requests, finding that Judy's testimony was cumulative of Ferguson's.

Pretrial, the court granted the State's request to prohibit defense counsel from (1) telling the jury he represented an innocent person and (2) stating that the jury's role is to protect individuals from the State. The court also granted the State's request to exclude evidence that Spencer had pleaded guilty to animal cruelty for letting Brown's dog out of the house.

The jury convicted Bellah of trafficking in stolen property.

## ANALYSIS

Bellah claims that various rulings by the trial court violated her right to present a defense. "Criminal defendants have a constitutional right to present a defense under the Sixth Amendment to the United States Constitution and article I, section 22 of Washington's constitution."[3] But defendants do not have an

---

[2] Judy Brown is not related to Sandra Brown. To avoid confusion, we refer to her as "Judy."

[3] State v. Morales, 196 Wn. App. 106, 122, 383 P.3d 539 (2016), petition for review filed, No. 93767-2 (Wash. Oct. 27, 2016).

absolute right to present evidence.[4] "The defendant's right to present a defense is subject to 'established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.'"[5]

We review constitutional claims de novo, as questions of law.[6] But we review a trial court's decision to grant or deny a motion for continuance for abuse of discretion.[7] We use the same standard to review a trial court's decision to restrict counsel's argument.[8] A court abuses its discretion when it makes a manifestly unreasonable decision or bases its decision upon untenable grounds or reasons.[9] A court bases its decision on untenable grounds or reasons when it applies the wrong legal standard or relies on unsupported facts.[10]

### Motion To Continue

Bellah contends that the court abused its discretion when it denied her request to continue her trial date. "[T]he decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court."[11] An appellate court will disturb a trial court's decision to deny a defendant's request for a

---

[4] State v. Lizarraga, 191 Wn. App. 530, 553, 364 P.3d 810 (2015), review denied, 185 Wn.2d 1022 (2016).
[5] Lizarraga, 191 Wn. App. at 553 (quoting Chambers v. Mississippi, 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973)).
[6] State v. Jones, 168 Wn.2d 713, 719, 230 P.3d 576 (2010).
[7] State v. Downing, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004).
[8] State v. Perez-Cervantes, 141 Wn.2d 468, 475, 6 P.3d 1160 (2000).
[9] State v. Gunderson, 181 Wn.2d 916, 921-22, 337 P.3d 1090 (2014).
[10] In re Det. of Duncan, 167 Wn.2d 398, 403, 219 P.3d 666 (2009).
[11] Downing, 151 Wn.2d at 272.

continuance only if she shows that she was prejudiced or that the result would have likely been different had the motion been granted.[12] No mechanical test exists for determining "when the denial of a continuance violates due process, inhibits a defense, or conceivably projects a different result."[13] The court must decide on a case-by-case basis.[14] Appellate courts look at the totality of the circumstances, particularly the reasons presented to the trial judge at the time the request is denied.[15] "In exercising discretion to grant or deny a continuance, trial courts may consider many factors, including surprise, diligence, redundancy, due process, materiality, and maintenance of orderly procedure."[16] Because Judy's testimony was cumulative of Ferguson's, the trial court did not abuse its discretion in denying Bellah's motion for a continuance.

Bellah requested the continuance so Judy could fly from Arizona to testify in her defense. According to Bellah, both Judy and Ferguson were present when Spencer told Bellah that the jewelry was Spencer's. Bellah claims that their testimony was crucial to her defense because it provided favorable evidence about whether Bellah knew that the jewelry was stolen. The court permitted

---

[12] State v. Eller, 84 Wn.2d 90, 95, 524 P.2d 242 (1974); State v. Tatum, 74 Wn. App. 81, 86, 871 P.2d 1123 (1994); State v. Kelly, 32 Wn. App. 112, 114, 645 P.2d 1146 (1982).
[13] Eller, 84 Wn.2d at 96.
[14] Eller, 84 Wn.2d at 96.
[15] Kelly, 32 Wn. App. at 114-15.
[16] Downing, 151 Wn.2d at 273.

Ferguson to testify but, concluding that Judy's testimony would have been cumulative of Ferguson's, denied the continuance.

Bellah contends that the court erred when it denied her the opportunity to present Judy's testimony.[17] Under ER 403, a court may exclude relevant evidence if "its probative value is substantially outweighed . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Thus, it is not error to exclude cumulative evidence.[18] We agree that Judy's testimony was cumulative of Ferguson's. Judy's testimony would not have offered different material evidence to corroborate Bellah's theory of innocence and would have merely reaffirmed the exact same evidence supplied by Ferguson's testimony. The only additional evidence that Judy might have offered is a receipt to prove that she had visited the pawn shop with Bellah. But that evidence is not probative of a material fact. It shows only that they visited the pawn shop, which is not in dispute and is not probative of Bellah's knowledge or belief about whether the jewelry was stolen.

---

[17] Bellah also asserts that the trial court erred in denying the continuance because it wrongly concluded that Judy's testimony would be inadmissible hearsay. But the court did not base its ruling on hearsay rules. Rather, the court denied the continuance because it concluded that the testimony was cumulative of the evidence Bellah sought to introduce through Ferguson. Even if the court had erred in excluding Judy's testimony as hearsay, that error would be harmless because of the cumulative nature of the testimony. Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013) ("An erroneous exclusion of evidence is harmless where that evidence is merely cumulative.").

[18] Saldivar v. Momah, 145 Wn. App. 365, 396, 186 P.3d 1117 (2008).

Bellah asserts that she needed Judy's testimony to bolster Ferguson's credibility because Ferguson is Bellah's niece. But, like Ferguson, Judy is Bellah's relative, so her testimony is not necessarily more credible than Ferguson's. Bellah also contends that Judy's testimony is more credible than her niece's because Ferguson was only a teenager. But, at 17, Ferguson was nearly a legal adult. Bellah cites no authority to show why her 17-year-old niece's testimony is less credible than her adult mother's. Judy was to offer the exact same testimony as Ferguson and because both witnesses are related to Bellah, she provides no persuasive reason to think that Judy's testimony would be more credible or helpful to the jury than Ferguson's.[19]

Judy's testimony is cumulative because it is substantively the same as Ferguson's and suffers from the same defects. This mere cumulative, corroborative testimony from a relative would not have made a difference to the outcome here. The trial court did not err in denying a continuance.[20] The trial

---

[19] Contra State v. Cayetano-Jaimes, 190 Wn. App. 286, 303, 359 P.3d 919 (2015) (where it was error to exclude "important testimony from a person outside Cayetano-Jaimes's immediate family—testimony made more powerful because the witness was the victim's biological mother").

[20] Eller, 84 Wn.2d at 96-97; see also Tatum, 74 Wn. App. at 87 (where the court committed legal error when it denied the defendant's motion for a continuance to procure attendance of a material witness, but that error was harmless because the testimony was merely cumulative corroborative testimony by a friend).

court's decision did not deprive Bellah of the right to present a defense or her right to a fair trial.

## Travel Funds

Bellah also claims the court erred in denying funds for Judy to travel to Washington to testify. A trial court does not abuse its discretion in denying funds for travel expenses under CrR 3.1(f) for a defense witness whose testimony would have been cumulative and unnecessary.[21] As discussed above, Judy's testimony would have been cumulative of Ferguson's, and the court acted within its discretion in denying the motion to continue to allow Judy to testify. Because the court denied the continuance, it had no reason to grant funds for her to travel.

## Limiting Defense's Argument

Bellah contends that the trial court erred when it prohibited defense counsel from making certain statements to the jury and jury venire. We review a trial court's decision to restrict counsel's argument for abuse of discretion.[22] As explained below, the trial court did not abuse its discretion by prohibiting defense counsel from stating that he had the privilege of representing an innocent person or arguing that the jury's role is to protect individuals from the State.

---

[21] State v. Kelly, 33 Wn. App. 541, 545, 655 P.2d 1202 (1982), rev'd on other grounds by 102 Wn.2d 188, 685 P.2d 564 (1984).

[22] Perez-Cervantes, 141 Wn.2d at 475; see also State v. Yates, 161 Wn.2d 714, 747, 168 P.3d 359 (2007) (reviewing a trial court's ruling about the scope of voir dire for abuse of discretion).

*Precluding reference to Bellah as an "innocent woman"*

Bellah contends that the court abused its discretion when it prevented defense counsel from saying, "I am Gabe Rothstein and I have the privilege of representing an innocent man/woman." The State asserted that this kind of statement is an improper personal opinion. The court agreed "to the extent [the State is] objecting to vouching for a witness." But the court told defense counsel, "I think you can certainly introduce yourself and let the jury know you have the privilege of representing your client, who is presumed to be innocent."

Bellah argues that the court should not have barred defense counsel from introducing the defense's theory of the case in whatever manner he chose. But trial counsel is not permitted to express a personal opinion as to the guilt or innocence of an accused.[23] Here, the court recognized the difference between a statement that "my client is innocent" and a statement that my client "is presumed to be innocent," the former being impermissible but the latter, permissible. Accordingly, Bellah's counsel was not prohibited from introducing the theory of innocence, merely from expressing a personal opinion about her innocence.

---

[23] State v. Reed, 102 Wn.2d 140, 145, 684 P.2d 699 (1984); RPC 3.4(e) (An attorney shall not "state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused.").

Bellah attempts to distinguish this case from the State's authority, <u>State v. Reed</u>.[24] Bellah asserts that <u>Reed</u> is inapposite because it involved improper statements by a prosecutor, as opposed to defense counsel.[25] We note that, unlike criminal defense attorneys, prosecutors are quasi-judicial officers and are presumed to act impartially; thus, their opinion has the danger of carrying particular weight with the jury.[26] Still, the prohibition on expressing personal opinions on guilt or innocence of the accused to the jury extends to all trial counsel, not just prosecutors.[27] Barring defense counsel from making this statement is consistent with the law and did not prevent defense counsel from stressing that every defendant is presumed innocent until proved guilty. The trial court did not abuse its discretion in limiting how defense counsel introduced the defense of innocence to the jury.

*Precluding statements that the jury's role is to protect individuals from the State*

Bellah also contends that the trial court should not have precluded defense counsel from arguing that the jury's role is to protect individuals from the State. The State claims that is an improper argument for jury nullification.

---

[24] 102 Wn.2d 140, 684 P.2d 699 (1984).

[25] See <u>Reed</u>, 102 Wn.2d at 145.

[26] <u>Reed</u>, 102 Wn.2d at 146-47.

[27] <u>State v. Badda</u>, 63 Wn.2d 176, 180, 385 P.2d 859 (1963) ("[N]either counsel should declare his personal opinion as to the guilt or innocence of the accused."); RPC 3.4(e).

Defendants are not entitled to a jury nullification instruction.[28] Consequently, defendants are not entitled to instructions that the jury "may" convict on the evidence.[29] Telling the jury it "may" convict "is equivalent to notifying the jury of its power to acquit against the evidence."[30] The State does not provide authority to show that the excluded statement in this case has the same practical effect as arguing for jury nullification.[31] We decline to follow the State's reasoning and extend the prohibition on jury nullification arguments to the facts of this case.

But we find no error because the court has discretion to control the scope of the opening and closing remarks and the scope of voir dire.[32] Further, counsel must confine statements on the law to the law as stated in the court's instructions.[33] Telling the jury that its role is to protect individuals from the State conflicts with the court's instruction that the jury's duty is to decide the facts in the case and apply the law from the court's instructions. The court did not abuse its

---

[28] State v. Bonisisio, 92 Wn. App. 783, 794, 964 P.2d 1222 (1998).

[29] Bonisisio, 92 Wn. App. at 794; State v. Meggyesy, 90 Wn. App. 693, 699, 958 P.2d 319 (1998), abrogated on other grounds by State v. Recuenco, 154 Wn.2d 156, 110 P.3d 188 (2005).

[30] Bonisisio, 92 Wn. App. at 794.

[31] See Meggyesy, 90 Wn. App. at 699.

[32] Yates, 161 Wn.2d at 747; Perez-Cervantes, 141 Wn.2d at 474-75 (quoting Herring v. New York, 422 U.S. 853, 862, 95 S. Ct. 2550, 45 L. Ed. 2d 593 (1975)); State v. Kroll, 87 Wn.2d 829, 834, 558 P.2d 173 (1976).

[33] Perez-Cervantes, 141 Wn.2d at 474-75 ("[A]rgument by counsel must be restricted to the facts in evidence and the applicable law, lest the jury be confused or misled.").

discretion when it precluded defense counsel from telling the jury its role is to protect individuals from the State.

### Excluded Evidence of Spencer's Conviction

Bellah claims that the court should have permitted her to introduce evidence of Spencer's conviction of animal cruelty involving Brown's dog and that its failure to do so denied her constitutional right to present a defense.

The State responds that this court should not consider the issue because Bellah offered a reason for admission of the evidence to the trial court different from the one she offers this court. Absent manifest constitutional error, this court generally does not consider arguments raised for the first time on appeal.[34] At trial, the defense argued that Spencer's conviction was relevant because it showed that Bellah did not have anything to do with the disappearance of Brown's dog. The defense asserted that evidence about the dog's disappearance would prejudice the jury against Bellah because it might sympathize with the dog. Bellah did not renew this argument on appeal. Rather, she now claims that the evidence is relevant because it corroborates her version of events. Thus, while Bellah did object to the exclusion of this evidence below, the basis for that objection is quite different from the one she now asserts.

---

[34] RAP 2.5(a)(3); State v. Hayes, 37 Wn. App. 786, 790, 683 P.2d 237 (1984) ("It is well settled that objections raised on appeal to the admission of evidence will not be considered unless based upon the same ground asserted at trial.").

Therefore, we will not consider her new argument absent manifest constitutional error.

To establish manifest constitutional error, Bellah "must identify a constitutional error and show how, in the context of the trial, the alleged error actually affected [her]; it is this showing of actual prejudice that makes the error 'manifest', allowing appellate review."[35] A defendant has no constitutional right to present irrelevant evidence.[36] Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[37] In other words, to meet this threshold test for admissibility, the evidence must be both probative and material.[38]

Bellah contends the evidence of Spencer's conviction has relevance because it tends to show that Spencer, and not Bellah, took the jewelry because the dog and the jewelry went missing at the same time. This evidence, Bellah asserts, corroborates her claim that Spencer took the jewelry and gave it to Bellah to sell. But evidence of Spencer's animal cruelty conviction does not tend to show that Bellah did not know the jewelry was stolen, the fact on which her

---

[35] State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995) (quoting State v. Scott, 110 Wn.2d 682, 688, 757 P.2d 492 (1988)).
[36] Jones, 168 Wn.2d at 720.
[37] ER 401.
[38] 5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 401.3, at 253-54 (6th ed. 2016).

defense depends. Bellah's argument for relevance fails because, while evidence of Spencer's conviction might be probative of who took the dog (and perhaps the jewelry), that evidence provides no help in deciding Bellah's guilt on the trafficking charge. Bellah fails to show that the evidence is material and thus fails to establish its relevance. As a result, she fails to show a manifest constitutional error, and we do not consider this issue.

## Cumulative Error

Bellah contends that even if the claimed errors were, by themselves, harmless, their cumulative effect denied her a fair trial. As explained above, Bellah has not established any error. Therefore, her claim of cumulative error fails.

## CONCLUSION

We hold that the trial court did not abuse its discretion when it denied the motion to continue and request for travel funds or when it imposed limitations on defense counsel's arguments. Because Bellah does not show manifest

constitutional error with regard to her remaining evidence claim, we do not consider her arguments made for the first time on appeal. We affirm.

_Leach, J._

WE CONCUR:

_Spearman, J._                    _Appelwick, J._