436 P.2d 227

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Donald HANSEN, Defendant and Appellant.**

**No. 10999.**

Supreme Court of Utah.

Jan. 18, 1968.

---

1. 241 F.2d 289 (5 Cir. 1956).

Galen Ross, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Robert J. Stansfield, Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a judgment entered on a jury verdict of guilty of assault with a deadly weapon with intent to commit robbery. Affirmed.

Hansen entered a tavern, after having consumed a considerable amount of intoxicants at other taverns over a period of some 12 hours. He wielded an automatic pistol and was heard to say, "Don't move." The tavern operator dropped behind the bar. A bartender wrestled Hansen to the floor, and took the pistol away from him. Later, the proprietor found a clip at the scene filled with live bullets, which fit the pistol. The gun had nothing in the chamber. Testimony indicated the ease with which the clip could be attached to the gun. Hansen said he did not remember what happened.

At trial, his counsel asked him if he had an accident about 10 years before, to which question an objection was made on the grounds of immateriality and remoteness, and sustained. Thereafter a proffer of proof was made by counsel to the effect that Hansen had fallen downstairs 10 years before, suffered a concussion and a blood clot, requiring surgery resulting in abnormal reactions to liquor, including blackouts and irrational conduct. Counsel assigns the sustaining of the objection as error.

We believe and hold that under the circumstances of this case as reflected in the record, the trial court exercised a sound discretion in keeping such evidence from the jury. Such discretion he may

exercise, which we believe he exercised with good reason and judgment.[1]

Only other point urged on appeal was that the court erred in 1) refusing to give appellant's requested Instruction No. 4,[2] and 2) in giving Instruction No. 13.[3] Counsel urges that the general rule is that an unloaded gun, used only as a firearm and not as a bludgeon, is not a deadly weapon under statutes having to do with aggravated assaults and assaults with a deadly weapon. He cites respectable authority for this proposition, found in 74 A.L.R. 1206 (1931), which of course were cases decided 35 years or more ago. The same annotation, however, also reflects a difference between unloaded guns being deadly weapons in some assault cases and those involving *robbery*. The majority of cases seem to hold that in the latter category, an unloaded gun may be a lethal weapon because of fear and attendant circumstances involved in robbery. The tendency increasingly to look at the matter thus is reflected more strongly in 79 A.L.R. 2d 1412 (1961). The arguments pro and con with respect to unloaded weapons are somewhat academic. They would appear to make some kind of difference with respect to guilt or innocence depending on whether the assailant, thinking he had an unloaded gun, actually had a loaded one, and the assailant who thought he had a loaded gun, but didn't.

We think we do not have to indulge in such niceties under the facts of the instant case since we have a situation where the clip respectively could have been inserted or ejected from the gun by the almost instantaneous push of a palm or the flick of a finger, and we do not think a judge or jury should have to guess how many bullets Black Bart had in his six-gun, which movie-wise invariably are 50 instead of six, and where the good sheriff has 60 instead of six, and thus survives. We think that in this age of automatic weapons, Instruction No. 13, given by the trial judge is most realistic and correct. Otherwise a switch-blade or gun artist, when wrestled, with deftness and perhaps sleight of hand, could unload an erstwhile lethal weapon and convert it into a harmless, but vicious-appearing toy. Requested Instruction No. 4, on the other hand, is highly debatable

1. See Evans v. Gaisford, 122 Utah 156, 247 P.2d 431 (1962).
2. To the effect that: "You are further instructed that an unloaded gun is not a deadly weapon. The State must prove beyond a reasonable doubt that the gun held by Don Hansen in this case was loaded at the time. If it is reasonable to believe that the gun was not loaded, you should acquit the defendant."

3. To the effect that: "A deadly weapon, as that term is used in these instructions, means a weapon which in the particular manner used is then and there capable of producing death or great bodily harm. A loaded gun capable of being fired, or a gun capable of being fired and which can then and there be immediately loaded within a matter of moments is a deadly weapon."

as reflected in the authorities, and as a matter of fact does not fit the circumstances of the instant case.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, J., concurs in the result.