[No. 5170-2-II.   Division Two.   March 1, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD W. BEATON, *Appellant.*

*Robert Quillian,* for appellant.

*Patrick D. Sutherland, Prosecuting Attorney,* and *Richard Strophy, Deputy,* for respondent.

PETRIE, J.—Defendant, Donald Beaton, appeals a judgment and sentence imposed following his conviction by jury verdict of the crime of first degree robbery, RCW 9A.56-.200(1)(a), and the return of a special verdict by which the jury also found him armed with a deadly weapon at the time of the commission of the crime. RCW 9.95.040.

From the narrative report of proceedings prepared and filed by defense counsel and not objected to by the prosecution, the following events took place on November 8, 1979. Defendant and another individual, Sean Nugent, entered the Crescent Store in the Rochester–Grand Mound area. Nugent, brandishing the .32 caliber automatic pistol defendant gave him to use in the robbery, ordered all the occupants of the store to lie down on the floor and to surrender their money. After one of the occupants relinquished money to Beaton, both Beaton and Nugent left the store and drove away. At no time during the robbery was Beaton personally armed with the gun.

On appeal, Beaton does not challenge his conviction of first degree robbery as charged. Rather, he challenges the special verdict and its use to enhance his penalty. He assigns error to the trial court's instruction defining the term "deadly weapon" for purposes of the special verdict.[1]

---

[1]The trial court's instruction provided:

"The term 'deadly weapon' for the purpose of making a determination on the special verdict includes but is not limited to, any instrument known as a blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, whether loaded or unloaded, revolver, whether loaded or unloaded, or any other

He contends, rather, the trial court should have instructed as he proposed.[2]

The instruction given, for all practical purposes, was a recital of the statutory definition, RCW 9.95.040, except that it added, in the case of a pistol, revolver or any other firearm, the words "whether loaded or unloaded." He contends, not that the pistol used by Nugent was actually unloaded, but that the State should have been required to prove beyond a reasonable doubt that the pistol "was loaded and could have readily inflicted death or grievous bodily injury on another individual." Defendant's proposed instruction, while stating that a pistol was a deadly weapon, declared in part: "[A] deadly weapon is an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death."

■ Defendant finds justification in the use of this additional language (which, incidentally, does not appear in RCW 9.95.040) because it is so set forth in WPIC 2.07. The distinguished committee which authored these instructions acknowledged in a comment thereto that this portion of the suggested instruction was adopted from language employed in *State v. Rolax*, 7 Wn. App. 937, 503 P.2d 1093 (1972) and *State v. Sorenson*, 6 Wn. App. 269, 492 P.2d 233 (1972). *See also State v. Thompson*, 88 Wn.2d 546, 564 P.2d 323 (1977).

---

firearm, whether loaded or unloaded, any knife having a blade longer than three inches, any razor with an unguarded blade, and any metal pipe or bar used or intended to be used as a club, any explosive, and any weapon containing poisonous or injurious gas."

[2] "For the purpose of making a determination on the special verdict a deadly weapon is an implement or instrument *which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death.* The following instruments are included in the term deadly weapon: blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver or any other firearm, any knife having a blade longer than three inches, any razor with *an unguarded blade, and any metal pipe or bar used or intended to be used as a club, any explosive, and any* weapon containing poisonous or injurious gas." (Italics ours.)

All these cases hold that RCW 9.95.040 identifies certain weapons which the Legislature has defined as deadly weapons as a matter of law. Included in that category are a pistol and a knife having a blade longer than 3 inches. The difficulty arises when an accused employs a weapon other than one which has been statutorily identified as a deadly weapon as a matter of law, *e.g.*, a knife with a blade *less* than 3 inches. In that case, the trier of fact can still find the weapon was a deadly weapon as a matter of fact, based upon its *capacity* to inflict death and from the *manner* in which it is used, death is likely to result. *State v. Thompson, supra.*

In the height of caution, and possibly because of the credibility attached to the suggestions in WPIC, some counsel slavishly urge trial courts to use the total instruction contained in WPIC 2.07 and recite the entire litany of weapons set forth in the statute even though the trial record shows that only *one* weapon was actually used in the commission of the crime. Nevertheless, when the record reflects that only a pistol or revolver was used, we have expressly approved an instruction which tells the jury simply that a pistol or a revolver *is* a deadly weapon for purposes of RCW 9.95.040. *State v. Newman,* 4 Wn. App. 588, 484 P.2d 473, *review denied,* 79 Wn.2d 1004 (1971). Moreover, it has been consistently held that, under RCW 9.95-.040, a pistol or other firearm is a deadly weapon and the prosecution is not required to prove it was loaded. *State v. Hattori,* 19 Wn. App. 74, 573 P.2d 829 (1978); *State v. Chisholm,* 7 Wn. App. 279, 499 P.2d 81 (1972); *State v. Newman, supra.*

We find no error in the trial court's definition of the term "deadly weapon;" neither do we find any error in its refusal to give defendant's proposed definition.

Defendant also contends the trial court erred when, at sentencing, it refused to strike from the sentence all indication that the jury returned the special verdict which triggers the parole board's application of RCW 9.95.040. Here, defendant contends, the trial court erred because the

court's instruction on this issue did not expressly require the jury to find "beyond a reasonable doubt" that he was armed with a deadly weapon at the time of the commission of the crime, citing *State v. Tongate,* 93 Wn.2d 751, 613 P.2d 121 (1980).

We note, parenthetically, that defendant asserts no error to the trial court's failure to instruct that he could only be an accomplice of Nugent if he *knew* Nugent was armed at the time of the commission of the crime. *See State v. McKim,* 98 Wn.2d 111, 653 P.2d 1040 (1982); *State v. Plakke,* 31 Wn. App. 262, 639 P.2d 796 (1982). Indeed, under the fact pattern presented, he could hardly expect a jury to find that he did not know Nugent was armed during the robbery. *See State v. Claborn,* 95 Wn.2d 629, 628 P.2d 467 (1981).

Clearly, *Tongate* holds that in order to enhance a defendant's punishment under RCW 9.95.040, the use of the deadly weapon in the commission of the crime must be proved by the State beyond a reasonable doubt. Nevertheless, *Tongate* is distinguishable from the case at bench. The information in *Tongate* charged him with first degree robbery under RCW 9A.56.200(1)(*b*), one of the elements being the display of what *appeared* to be a firearm or other deadly weapon. The jury found beyond a reasonable doubt that he was guilty of the robbery charge. By special verdict, it also found that he was armed with a deadly weapon. No standard of the proof required for the special verdict was submitted to the jury. On appeal, the court overturned the jury verdict on the grounds that, although the finding of the display of an apparently deadly weapon was sufficient for first degree robbery, it was not sufficient for the purposes of RCW 9.95.040. Therefore, if the State requests a special verdict, the jury must be given an instruction, independent of the instructions for the crimes charged, which states that there must be proof beyond a reasonable doubt that an actual deadly weapon was present.

Here, the defendant was charged under RCW 9A.56-.200(1)(*a*), with being "armed with a deadly weapon" dur-

ing the commission of first degree robbery. Therefore, in order to find him guilty of the crime charged, the jury necessarily found beyond a reasonable doubt that he was armed with a deadly weapon, and not merely the appearance of one.[3] The rule in *Tongate* does not apply if the fact to be determined by the special verdict is an element of the crime charged. *State v. Hall*, 95 Wn.2d 536, 627 P.2d 101 (1981); *State v. Claborn, supra.*

Nevertheless, Beaton correctly points out that the trial court's instruction defining the term "deadly weapon" for the purpose of determining the elements of the crime charged was not the same as the instruction given for the special verdict. The court's instruction provided:

> For the purpose of determining the elements of the crime of 1st degree robbery, deadly weapon means any firearm, whether loaded or unloaded, weapon, device, instrument, substance or article which under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious bodily injury.

This instruction, not objected to by either party, became the law of the case. Because the instruction embraces the weapon actually used in the case at bench, *i.e.*, "firearm, whether loaded or unloaded," and which we have expressly held sufficient, we hold the jury necessarily found "beyond a reasonable doubt" that defendant was armed with a deadly weapon for purposes of the enhancement of punishment statute. Accordingly, the trial court did not err by refusing to strike any reference in the judgment and sentence to the applicability of RCW 9.95.040.

Ordinarily, we would terminate the opinion at this point. We are obliged to note, however, that this last instruction was an adaptation of WPIC 2.06. For the unwary, this pattern instruction can pose a problem. WPIC 2.06 contains a

---

[3]The trial court's "to convict" instruction told the jury one of the elements of the crime which was necessary for a conviction was proof beyond a reasonable doubt "That in the commission of these acts Beaton was armed with a deadly weapon; . . ."

slight but, nevertheless, significant distortion of the statute, RCW 9A.04.110(6), from which it is derived. The statute recites:

> "Deadly weapon" *means* any explosive or loaded or unloaded firearm, and *shall include* any other weapon, device, instrument, article, or substance, including a "vehicle" as defined in this section, which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious bodily injury; . . .

(Italics ours.)

The statute merely adopts the previous judicial interpretations of the definition in RCW 9.95.040 as summarized in *State v. Thompson, supra.* The suggested pattern instruction, because it omits the words "shall include" leaves the impression that a "firearm, whether loaded or unloaded" is not a "deadly weapon" unless it also meets the criteria that "under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious bodily injury". This is not the intent of RCW 9A.04.110(6) any more than it is the intent of RCW 9.95.040.

Judgment and sentence affirmed.

PETRICH, C.J., and REED, J., concur.