[No. 49257–3. En Banc. January 12, 1984.]

BELLEVUE FIRE FIGHTERS LOCAL 1604, ET AL, *Appellants,* v. THE CITY OF BELLEVUE, *Respondent.*

*Durning, Webster & Lonnquist, James H. Webster, Judith A. Lonnquist, Lynn D. Weir,* and *Mark E. Brennan,* for appellants.

*Linda M. Youngs, City Attorney,* for respondent.

*Robert C. Van Siclen* on behalf of Washington State Council of Fire Fighters and *David Utevsky* and *Daniel L. Thieme* on behalf of American Civil Liberties Union, amici curiae for appellants.

*Robert R. Hamilton, Tacoma City Attorney,* and *F. H. Chapin, Jr.,* and *Harding T. Roe, Assistants,* amici curiae for respondent.

BRACHTENBACH, J.—This case is a challenge to section 3.90.050(B) of the Bellevue City Code (BCC), which provides with respect to nonpartisan elections for positions on the Bellevue City Council:

> No city employee shall take an active part in the political management or political campaign of a candidate for a position on the Bellevue city council.

Pursuant to BCC 3.90.060, violation of BCC 3.90.050(B) is punishable by civil and criminal sanctions. The offender may also be suspended or discharged from city employment.

The Bellevue Fire Fighters Union, a Bellevue Fire Department captain, and a registered voter (appellants), filed suit against the City of Bellevue (City), contending that BCC 3.90.050(B) violated RCW 41.06.250 and the state and federal constitutions. The trial court upheld the ordinance, lifted a preliminary injunction against its enforcement, and dismissed the complaint. We reverse on the ground that RCW 41.06.250 preempts local regulation of employee participation in nonpartisan political campaigns.

RCW 41.06.250 provides in relevant part:

(2) Employees of the state or any political subdivision thereof shall have the right to vote and to express their opinions on all political subjects and candidates and to hold any political party office or participate in the management of a partisan, political campaign. *Nothing in this section shall prohibit an employee of the state or any political subdivision thereof from participating fully in campaigns relating to constitutional amendments, referendums, initiatives, and issues of a similar character, and for nonpartisan offices.*

. . .

(5) The provisions of this section shall supersede all statutes, charter provisions, ordinances, resolutions, regulations, and requirements promulgated by the state or any subdivision thereof, including any provision of any county charter, insofar as they may be in conflict with the provisions of this section.

(Italics ours.)

Where statutory language is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself. *Human Rights Comm'n v. Cheney Sch. Dist. 30*, 97 Wn.2d 118, 121, 641 P.2d 163 (1982). Relying on this familiar rule, City contends RCW 41.06.250 plainly and unambiguously permits the political subdivisions of this State to prohibit employee participation in nonpartisan political campaigns. City's argument may be summarized as follows: the first sentence of RCW 41.06.250(2) affirms the right of employees of the State and its subdivisions to participate in partisan political campaigns. However, the second sentence does not affirm the right to participate in nonpartisan campaigns, but merely refrains from prohibiting such participation itself. Therefore, BCC 3.90.050(B), which prohibited City's employees from participating in the nonpartisan campaigns for Bellevue City Council, did not conflict with RCW 41.06.250(2) and was not preempted by RCW 41.06.250(5).[1]

---

[1] As City correctly points out, the Attorney General followed the same reasoning in concluding that RCW 41.06.250 permitted a municipality to bar its own

We are not persuaded. If, as City contends, the second sentence of RCW 41.06.250(2) serves only to give notice that the statute itself does not prohibit employee participation in nonpartisan campaigns, why include it at all? The first sentence of RCW 41.06.250(2) affirms the right of employees to participate in partisan campaigns; there is no need for a cautionary proviso that the statute does not prohibit participation in nonpartisan campaigns. On the other hand, the double negative contained in the second sentence ("nothing . . . shall prohibit") could just as easily be read as an inartfully drawn attempt to *affirm* the right to participate in nonpartisan campaigns. Thus, we cannot say that the second sentence of RCW 41.06.250(2), when read in context, plainly and unambiguously permits local regulation of employee participation in nonpartisan campaigns.

The primary objective of statutory construction is to carry out the intent of the Legislature. Where, as here, intent is not clear from the language of the statute, we may consider the legislative history. *Department of Transp. v. State Employees' Ins. Bd.*, 97 Wn.2d 454, 458, 645 P.2d 1076 (1982).

When first enacted as part of the State Civil Service Law, RCW 41.06.250 provided in relevant part:

(2) Employees shall have the right to vote and to express their opinions on all political subjects and candidates, but shall not hold any political party office or participate in the management of a partisan, political campaign. Nothing in this section shall prohibit a classified employee from participating fully in campaigns relating to constitutional amendments, referendums, initiatives, and issues of a similar character, and for nonpartisan offices.

Laws of 1961, ch. 1, § 25(2), p. 21.

In 1974, the Legislature added RCW 41.06.250(5), and

employees from participating in campaigns for nonpartisan offices. AGO 22 (1975). A construction placed upon an ambiguous statute by the Attorney General is entitled to considerable weight; however, it is not controlling. This court remains the final authority on the proper construction of a statute. *Davis v. County of King*, 77 Wn.2d 930, 933–34, 468 P.2d 679 (1970).

amended RCW 41.06.250(2) as follows:

> (2) Employees of the state or any political subdivision thereof shall have the right to vote and to express their opinions on all political subjects and candidates ((, but shall not)) and to hold any political party office or participate in the management of a partisan, political campaign. Nothing in this section shall prohibit ((a classified)) an employee of the state or any political subdivision thereof from participating fully in campaigns relating to constitutional amendments, referendums, initiatives, and issues of a similar character, and for nonpartisan offices.[2]

Laws of 1974, 1st Ex. Sess., ch. 136, § 1, p. 400.

Thus, RCW 41.06.250 originally prohibited state employees from participating in partisan political campaigns; however, the right of state employees to participate fully in nonpartisan campaigns was protected by the proviso that nothing in the statute prohibited such participation. The 1974 amendments eliminated the ban on participation in partisan campaigns, extended the statute's protection to employees of the State's political subdivisions, and preempted conflicting law. The obvious legislative intent behind these amendments was to *increase* the ability of employees to engage in political activity.

Viewed in light of this intent, City's interpretation of RCW 41.06.250 breaks down. The second sentence of RCW 41.06.250(2) originally served as a proviso *protecting* the right to participate in nonpartisan campaigns. By affirming the right to participate in partisan campaigns, the Legislature surely did not intend to transform this protective proviso into superfluous verbiage providing only that the statute itself does not prohibit participation in nonpartisan campaigns. It is far more consistent with the manifest legislative intent to expand employee rights to interpret the proviso as an inelegantly drafted attempt to reaffirm the

---

[2]Text added is underlined. Text deleted is lined out and shown between double parentheses.

right of state and subdivision employees to participate in nonpartisan campaigns.

City insists that the Legislature intended to grant to political subdivisions of the State the authority to regulate the political activity of their own employees. However, the legislative history of the 1974 amendments to RCW 41.06-.250 shows that the Legislature expressly rejected proposed provisions which would have granted such authority. Acting on the recommendation of its Committee on Constitution and Elections, the House amended House Bill 474 to include provisions which would have reserved to any county, city or town the authority to prohibit or restrict any employee from engaging in, as a candidate or in the management of, any partisan or nonpartisan campaign for public office of that county, city or town, or any instrumentality thereof. House Journal, 43d Legislature (1973–74), at 678, 1757. In the Senate, however, these provisions were eliminated. The Senate proposed a new version of the bill which included the present language of RCW 41.06.250(2) and (5); the House then passed the bill as amended by the Senate. House Journal, 43d Legislature (1973–74), at 4037–38.

Consideration of the legislative history of an enactment has long been held to be a legitimate method of determining the Legislature's intent. *State v. Frampton,* 95 Wn.2d 469, 477, 627 P.2d 922 (1981). Moreover, we have acknowledged the value in appropriate circumstances of considering sequential drafts of a bill. *See Hama Hama Co. v. Shorelines Hearings Bd.,* 85 Wn.2d 441, 450, 536 P.2d 157 (1975). It is presumed that members of the Legislature were aware of prior drafts of the bill at the time the 1974 amendments to RCW 41.06.250 were enacted. *See Frampton,* at 477–78. Therefore, it must be presumed that the Legislature did not intend to grant authority to political subdivisions of the State to prohibit or restrain their employees from participating in partisan or nonpartisan campaigns.

Nevertheless, City contends that, because the rejected provisions would have permitted regulation of participation

in both partisan *and* nonpartisan campaigns, the fact that the Legislature eliminated them in favor of the present language of RCW 41.06.250 indicates only that the Legislature intended to draw a distinction between partisan and nonpartisan political activity. City suggests no reason why such a distinction should be drawn.

If all political subdivisions of the State conducted nonpartisan campaigns, a partisan/nonpartisan distinction might serve to permit local autonomy with respect to regulation of employee political activity. However, such is not the case. We take judicial notice of the fact that some political subdivisions, like King County, conduct partisan campaigns, whereas others, like City, conduct nonpartisan campaigns. Under City's interpretation of RCW 41.06.250, King County could prohibit its employees from participating in nonpartisan campaigns for office in *other* political subdivisions, but would have to allow employee participation in its own partisan campaigns. Meanwhile, City could prohibit employee participation in its nonpartisan campaigns for Bellevue City Council, but could not in any way restrict its employees' partisan political activity. A statute must be given a reasonable construction to avoid absurd consequences such as these. *State v. Cann,* 92 Wn.2d 193, 595 P.2d 912 (1979).

The creation of meaningless distinctions between permitted and nonpermitted political activity is yet another absurd consequence of City's interpretation of RCW 41.06-.250. As even City seems willing to concede, RCW 41.06-.250(2) affirms the right of all employees to vote and express their opinions on all political subjects and candidates. Assuming for the sake of argument that RCW 41.06-.250 did not preempt BCC 3.90.050(B), employees would be faced with the task of determining which activities were "permissible" expressions of opinion, and which were "impermissible" participations in the political management or campaign of a candidate for Bellevue City Council.

The Bellevue City Manager attempted to resolve this problem by issuing a memorandum setting forth examples

of what city employees could and could not do:

It is *not* a violation of the ordinance to:

(1) Express your verbal or written opinion to fellow employees, neighbors or citizens on a Council candidate.

(2) Talk to a Council candidate regarding campaign issues.

(3) Attend meetings, open to the public generally, which are held by a candidate and ask questions of the candidate at such meeting.

(4) Post a campaign sign in your yard.

It *is* a violation of the ordinance to:

(1) Go door to door endorsing a candidate as a member of a campaign organization or under the direction of that organization.

(2) Prepare campaign signs or literature on behalf of a campaign organization.

(3) Speak on behalf of a candidate at a rally organized by a campaign.

(4) Attend a strategy planning meeting of a campaign organization.

Obviously, these guidelines cannot explicitly cover every possible situation. If you are in doubt about whether an activity is permissible, you should contact the City Manager's office.

Clerk's Papers, at 90–91.

Pursuant to the City Manager's memorandum, a city employee could post a campaign sign in his yard; however, he would be subject to civil and criminal sanctions under BCC 3.90.060 if he painted that same campaign sign in the privacy of his own home on behalf of a "campaign organization." He could express his verbal opinion on a council candidate to his fellow citizens, but not from behind a podium at a campaign rally. We doubt that the Legislature intended that such artificial distinctions be drawn, or that the City Manager be the final arbiter of the exercise of constitutional rights of free speech and association.

Accordingly, we hold that RCW 41.06.250 affirms the right of employees of this state and its subdivisions to participate fully in campaigns relating to constitutional amendments, referendums, initiatives, and issues of a similar character, and for nonpartisan offices. BCC 3.90.050(B)

conflicts directly with this provision of RCW 41.06.250, and is therefore preempted by the express terms of RCW 41.06.250(5).

Appellants also raise a number of constitutional challenges. They charge that BCC 3.90.050(B) not only violates the free speech and association guaranties of the state and federal constitutions, but is also unconstitutionally vague and overbroad. Moreover, they urge that if RCW 41.06.250 protected the right to participate in partisan, but not nonpartisan campaigns, it would violate the privileges and immunities clause of our state constitution, and the equal protection clause of the federal constitution. In view of our holding that RCW 41.06.250 preempts BCC 3.90.050(B), we need not and do not reach these constitutional issues.

■ Appellants have requested that we award nominal damages and reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988 (1981). Section 1988 gives this court the discretion to allow the prevailing party in an action to enforce section 1983 a reasonable attorneys' fee. Section 1983 provides in relevant part that every person who, under color of any statute or ordinance, subjects any United States citizen to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the injured party in an action at law. The violation of rights guaranteed solely by the state constitution and state law is not actionable under section 1983. *Shutt v. Moore,* 26 Wn. App. 450, 453, 613 P.2d 1188 (1980). Since our decision is based solely upon the ground that BCC 3.90.050(B) violated RCW 41.06.250, appellants' request must be denied.

The trial court is reversed.

WILLIAMS, C.J., ROSELLINI, UTTER, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., and MORGAN, J. Pro Tem., concur.

Reconsideration pending July 25, 1984.