[No. 10462–8–II.   Division Two.   March 4, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY SULLIVAN, *Appellant*.

*Richard L. Peterson* and *Crawford, McGilliard, Peterson & Yelish,* for appellant (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* and *Warren K. Sharpe, Deputy,* for respondent.

REED, C.J.—Gary Sullivan appeals his sentence following a guilty plea to a charge of first degree robbery. The appeal was argued to a court commissioner on a motion calendar pursuant to motion for accelerated review, RAP 18.15. The commissioner referred the case to a panel of judges for disposition because of its value as precedent.

The sole issue is whether the enhancement of sentence for one's use of a deadly weapon when committing a crime applies when the weapon is an unloaded firearm. The trial court ruled that it does apply. We agree.

The standard range sentence for defendant's crime was 31 to 41 months based on his offender score as computed pursuant to RCW 9.94A.360. The sentencing reform act provides, however, that when an offender was armed with a deadly weapon, 24 months shall be added to his presumptive sentence for the crime of robbery, rape, or kidnapping committed in the first degree. RCW 9.94A.310(3)(a). The trial court followed this provision and imposed a prison sentence of 55 months. The act defines "deadly weapon" in RCW 9.94A.125, as follows:

> In a criminal case wherein there has been a special allegation and evidence establishing that the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not the defendant or an accomplice was armed with a deadly weapon at the time of the commission of the crime.
>
> For purposes of this section, *a deadly weapon is an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death.* The following instruments are included in the term deadly weapon: Blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than three inches, any razor with an unguarded blade, any metal pipe or bar used or intended to be used

as a club, any explosive, and any weapon containing poisonous or injurious gas.

(Italics ours.)

The portion of the quoted definition following the italics is exactly how "deadly weapon" was defined in former RCW 9.95.040(2), the statute providing for mandatory minimum terms. The courts had construed that former statute to include unloaded guns within the definition of deadly weapon. *State v. Rahier,* 37 Wn. App. 571, 681 P.2d 1299 (1984); *State v. Newman,* 4 Wn. App. 588, 484 P.2d 473, *review denied,* 79 Wn.2d 1004 (1971). *Cf.* RCW 9A.04-.110(6) (in applying the criminal code, "deadly weapon" includes an unloaded firearm).

The italicized sentence in the new definition of deadly weapon tracks WPIC 2.07, which uses it as prefatory language before instructing the jury with the statutory list of particular instruments that are deadly weapons.[1] The question is whether the Legislature, by adding new statutory language to comport with WPIC, also changed the law. We believe that it did not.

■ Defendant argues that the "rule of lenity" should be invoked and the statute construed in his favor. The rule of lenity applies, however, in the construction of ambiguous penal statutes. *State v. Woods,* 34 Wn. App. 750, 665 P.2d 895 (1983). We find the statute defining deadly weapon to be unambiguous.

■ The newly enlarged definition of deadly weapon continues to specify, as did the former definition, that a variety of instruments are included in the term. Among them are "pistol, revolver, or any other firearm". The pref-

---

[1]We have criticized "slavish" use of all of the language of WPIC 2.07, especially in cases where the weapon used was among those included in the statutory list. We have distinguished that situation from cases involving a weapon that, although not on the list (*e.g.,* a knife with a blade shorter than 3 inches), might be deadly from the *manner* in which it is used. *State v. Beaton,* 34 Wn. App. 125, 128, 659 P.2d 1129 (1983). *See also State v. Rahier,* 37 Wn. App. 571, 681 P.2d 1299 (1984). In such a case, the trier of fact may find that the weapon, although not listed, was in fact deadly.

atory language does not add a requirement that the firearm be loaded. Rather, the statute decrees that when a firearm is used in the commission of a crime, it is a deadly weapon for purposes of penalty enhancement, and the trier of fact need not inquire into whether an instrument, not specifically named in the statute, is nevertheless a deadly weapon because of the manner of its use. *See State v. Rolax*, 7 Wn. App. 937, 503 P.2d 1093 (1972). Here, defendant admitted in his statement on plea of guilty that he was armed with a deadly weapon as defined by RCW 9.95.040.[2] The judge was entitled to enter a finding consistent with that admission.

Sound policy reasons underlie the conclusion that an unloaded firearm may be a deadly weapon for purposes of the penalty enhancement statute. As stated in *State v. Hattori*, 19 Wn. App. 74, 82, 573 P.2d 829 (1978):

> The apprehension in the mind of the victim of a crime committed by a defendant armed with a gun is the same whether the gun is loaded or unloaded. *See People v. Williams*, 6 Mich. App. 412, 149 N.W.2d 245 (1967). [*See also State v. Curtis*, 14 Wn. App. 735, 544 P.2d 768 (1976) (starter pistol as weapon in second degree assault).] In addition, an unloaded gun can easily be loaded during the commission of the crime, and, thus, a defendant armed with an unloaded gun has the same potential for inflicting violence as a defendant armed with a loaded gun. *See State v. Hansen*, 20 Utah 2d 189, 436 P.2d 227 (1968).

We believe that the Legislature, by adding the prefatory sentence to RCW 9.94A.125, merely intended to bring the statutory language into line with the previous construction in, *e.g., State v. Beaton*, 34 Wn. App. 125, 659 P.2d 1129 (1983); *State v. Rolax, supra; State v. Sorenson*, 6 Wn. App. 269, 492 P.2d 233 (1972); and WPIC 2.07. Our belief is supported by the fact that the criminal code elsewhere defines "deadly weapon" to include an unloaded firearm,

---

[2]The weapon was never located. Although counsel on appeal has described the weapon as a pellet gun, the presentence report represents that defendant admitted he was armed with an empty .410 shotgun.

RCW 9A.04.110(6), and by the Sentencing Guidelines Commission's comment to this proposed legislation: "The definition [in new RCW 9.94A.125] and procedural requirements for the deadly weapon allegation and finding are carried over from existing law." Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* II–15 (1984). *See also* D. Boerner, *Sentencing in Washington* § 5.17 (1985) (Commission's minutes state the same).

We hold that an unloaded firearm continues to be a deadly weapon under the amended penalty enhancement scheme, now RCW 9.94A.125 and RCW 9.94A.310(3)(a). *State v. Rahier, supra,* carries with it no implication to the contrary.

Judgment and sentence affirmed.

PETRICH and WORSWICK, JJ., concur.