[No. 20614–1–I.   Division One.   July 19, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. KHALID BILAL, *Defendant*, CLEOPHAS DEAN, JR., *Appellant.*

GROSSE, J., concurs by separate opinion.

*John Christiansen* and *Dawn Monroe* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Reba Weiss, Deputy,* for respondent.

COLEMAN, C.J.—Cleophas Dean, Jr., appeals his conviction for first degree robbery. He contends the court erred in giving a special verdict instruction.

Dean's conviction results from his participation with another man in an armed robbery of a restaurant. Both were apprehended and charged with first degree robbery in an information that also included a deadly weapon enhancement allegation. The other man pleaded guilty and Dean was tried by jury. The trial court gave instruction 15, virtually identical to WPIC 2.07 (Supp. 1986), which reads as follows:

> For purposes of the special verdict
>
> A deadly weapon is an implement or instrument which has the capacity to inflict death and, from the manner in which it is used, it likely to produce or may easily and readily produce death. The following instruments are included in the term deadly weapon: pistol, revolver or any other firearm.
>
> The plaintiff must prove beyond a reasonable doubt that the defendant was armed with a deadly weapon at the time of the commission of the crime.
>
> *If one person is armed with a deadly weapon, all accomplices are deemed to be so armed, even if only one deadly weapon is involved.*

(Italics ours.) The jury returned a guilty verdict on the robbery charge and a special verdict finding that Dean had been armed with a deadly weapon at the time of the robbery.

Dean contends that in order to enhance his sentence under the Sentencing Reform Act of 1981 (SRA) the State

must prove that he had actual knowledge that his accomplice was armed. He argues that instruction 15 does not comply with the mandate of *State v. McKim,* 98 Wn.2d 111, 653 P.2d 1040 (1982), which requires the State to prove knowledge of the deadly weapon as a condition precedent to sentence enhancement. The State argues that the Legislature intended to change the rule in *McKim* by enacting the pertinent provisions of the SRA.

RCW 9.94A.125 provides in part:

> **Deadly weapon special verdict—Definition.** In a criminal case wherein there has been a special allegation and evidence establishing that the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not *the defendant or an accomplice* was armed with a deadly weapon at the time of the commission of the crime.

(Italics ours.)

RCW 9.94A.310(3) provides:

> The following additional times shall be added to the presumptive sentence if the *offender or an accomplice* was armed with a deadly weapon as defined in this chapter and the offender is being sentenced for one of the crimes listed in this subsection. . . .

(Italics ours.)

We begin our analysis with a review of the comments to WPIC 2.07, the source of the instruction in this case.

> **Accomplices.** The Sentencing Reform Act created an ambiguity with regard to the liability of an accomplice. That ambiguity has not been fully resolved by the case law.
>
> Under the former deadly weapon statute, the Supreme Court held that the enhanced sentence could be imposed only upon the person actually armed with the deadly weapon and upon those with actual knowledge that the other person was so armed. State v. McKim, 98 Wn.2d 111, 653 P.2d 1040 (1982). The court concluded that the legislature did not intend to impose strict liability upon accomplices who had no actual knowledge of the presence of a deadly weapon.
>
> By contrast, the Sentencing Reform Act, in RCW 9.94A.125, refers to enhancement of a sentence when the "accused or an

accomplice" is armed with a deadly weapon. The statute was possibly intended to reverse the holding in *McKim*.

Some commentators have observed that the statute may not reverse the holding in *McKim* because of a separate line of cases, undisturbed by the statute, holding that the liability of an accomplice depends upon proof of the accomplice's "mental culpability." A leading case was State v. Plakke, 31 Wn. App. 262, 639 P.2d 796 (1982). This requirement, if still viable, would assure that the enhanced sentence would continue to be imposed only upon the person armed with the deadly weapon and any accomplice with actual knowledge of the weapon's presence. [D. Boerner, *Sentencing in Washington* § 5.19 (1985)].

Subsequent to the published commentary, however, the viability of the requirement was diminished by the overruling of State v. Plakke in State v. Davis, 101 Wn.2d 654, 682 P.2d 883 (1984). In *Davis*, the court held that a defendant may be convicted of being an accomplice to the crime of first degree robbery without proof that the defendant knew that the principal was armed with a deadly weapon during the commission of the crime.

In *Davis*, the Supreme Court was addressing the issue of an accomplice's guilt, not the sentence to be imposed upon an accomplice. The court acknowledged that it was departing from its approach to enhancing the sentence of an accomplice (i.e., in *McKim*), but stated that the distinction was justified on the basis of statutory interpretation. Four Justices dissented.

A majority of the committee concluded that the overruling of *State v. Plakke* and the holding in *State v. Davis* signaled a trend towards greater liability on the part of an accomplice. A majority also concluded that the Sentencing Reform Act was intended to reverse the holding in *State v. McKim*. A majority of the committee thus believes that the last sentence in WPIC 2.07, shown in brackets, is an accurate statement of the law for all cases governed by the Sentencing Reform Act; i.e., for all cases in which the crime is alleged to have been committed on or after July 1, 1984.

WPIC 2.07, at 18–19 (Supp. 1986).

██ We do not agree that the SRA created an ambiguity with regard to the liability of an accomplice. We do, however, agree that the SRA reversed the holding in *State v. McKim*, 98 Wn.2d 111, 653 P.2d 1040 (1982). We reach this conclusion based solely on the plain, unambiguous language of the statute which provides in pertinent part that "the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not *the defendant or an*

*accomplice* was armed with a deadly weapon at the time of the commission of the crime." (Italics ours.) RCW 9.94A-.125. When the language of a statute is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself. *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 751, 675 P.2d 592 (1984), *cert. denied,* 471 U.S. 1015 (1985). It is only when intent is not clear from the language of the statute that a court may consider the legislative history. *Department of Transp. v. State Employees' Ins. Bd.,* 97 Wn.2d 454, 458, 645 P.2d 1076 (1982).

The inclusion of the words "or an accomplice" leaves no doubt that the statute was intended to apply whenever the defendant or an accomplice was armed.

Our conclusion is further strengthened by a consideration of the previous deadly weapon enhancement statute. That statute, RCW 9.95.040, required a finding of fact as to whether the accused was armed with a deadly weapon. The statute made reference only to the accused, without any mention of an accomplice whatsoever. Accordingly, under that statute, an unarmed defendant would be subject to sentence enhancement on a complicity theory only. Complicity, however, is not required under the present statute in order to enhance a sentence because of the plain and unambiguous wording of RCW 9.94A.125. Professor Boerner's opinion to the contrary referred to in the WPIC commentary is no longer supportable in light of the overruling of *State v. Plakke,* 31 Wn. App. 262, 639 P.2d 796 (1982), in *State v. Davis,* 101 Wn.2d 654, 682 P.2d 883 (1984).

The *Davis* court recognized a distinction between accomplice liability, which does not depend on the accomplice's knowledge that the principal was armed, and the deadly weapon enhancement statute, which required a finding that the accomplice was actually or constructively armed. *Davis,* at 658. The *Davis* reasoning was based on interpreting RCW 9A.08.020, the accomplice liability statute, and RCW 9.95.040, the deadly weapon enhancement statute. That

latter statute was amended, however, in RCW 9.94A.125 to permit the enhancement of a sentence if the "defendant or an accomplice was armed". Accordingly, the distinction recognized by *Davis* no longer exists in the present statutory scheme. The trial court did not err in giving instruction 15.

Alternatively, even if it is assumed that there was instructional error and that the State was required to prove, for purposes of sentence enhancement, beyond a reasonable doubt that Dean had knowledge that the coparticipant was armed, the error was harmless beyond a reasonable doubt.

The courts of this state apply the overwhelming evidence test in determining harmless error. *State v. Guloy,* 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986). Where the error involves an erroneous jury instruction, the test is whether the evidence is so overwhelming that it necessarily leads to a finding of guilt; here, a finding that Dean was armed or knew that his accomplice was armed. *State v. Belmarez,* 101 Wn.2d 212, 676 P.2d 492 (1984). *Accord, State v. Kitchen,* 110 Wn.2d 403, 756 P.2d 105 (1988). *Kitchen* involved crimes with multiple incidents where the State had not elected the incident on which it would rely and no unanimity instruction had been given. The court adopted the following test:

> The proper standard of review for constitutional error is "harmless beyond a reasonable doubt". *State v. Guloy,* 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986); *Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967). Thus, in multiple acts cases, when the State fails to elect which incident it relies upon for the conviction or the trial court fails to instruct the jury that all jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt, the error will be deemed harmless only if no rational trier of fact could have entertained a reasonable doubt that each incident established the crime beyond a reasonable doubt.

*Kitchen,* at 405–06.

In the instant case the evidence is so overwhelming that it necessarily leads to a finding that the defendant was armed with a deadly weapon at the time of the commission of the robbery. Applying the test from *Kitchen*, no rational trier of fact could have entertained a reasonable doubt that Dean knew his accomplice was armed. The eyewitnesses identified Dean as the robber in the mask who was present during the commission of the robbery when the other participant pulled a gun out. That weapon was loaded and operable when recovered by the police shortly after the robbery. Also the guilty verdict on the robbery charge indicates that the jury did not believe the alibi testimony of defendant or his girl friend. Under these facts the only reasonable inference is that Dean had actual knowledge of the coparticipant's possession of the gun during the commission of the robbery. *See State v. Beaton*, 34 Wn. App. 125, 129, 659 P.2d 1129 (1983) (defendant had knowledge that coparticipant was armed when defendant was present when coparticipant brandished pistol during robbery). *But see State v. Brown*, 36 Wn. App. 549, 676 P.2d 525, *review denied*, 101 Wn.2d 1024 (1984) (special verdict vacated where there was disputed evidence of accomplice's knowledge of the presence of a gun during commission of the burglary).

The judgment and sentence is affirmed.

PEKELIS, J., concurs.

GROSSE, J. (concurring)—While I agree with the result reached by the majority, I cannot agree with its treatment of the statute, RCW 9.94A.125. It is a cardinal rule of statutory construction that absent "an indication from the Legislature of an intention to overrule the common law, new legislation will be presumed consistent with prior judicial decisions." *State v. Bushnell*, 38 Wn. App. 809, 811, 690 P.2d 601 (1984). This court cannot "assume that the Legislature would effect a significant change in legislative policy by mere implication." *State v. Calderon*, 102 Wn.2d

348, 351, 684 P.2d 1293 (1984). Thus, the first question we must answer is broader than that posited by the majority which focuses on the words alone. We must determine if those words manifest an unambiguous intent to overrule prior judicial decisions on the subject.

The majority correctly points out that the signal case, *State v. McKim,* 98 Wn.2d 111, 653 P.2d 1040 (1982), involved construction of an entirely different statute that contained no reference to accomplices. However, in *State v. Davis,* 101 Wn.2d 654, 682 P.2d 883 (1984), the Washington Supreme Court made it clear that the *McKim* case stands for a much broader proposition. In *Davis* the lookout was charged as an accomplice to armed robbery. The jury was instructed that "'when one or more persons act as accomplices . . . all of them may be deemed armed, even though only one . . . in fact had a gun.'" *Davis,* at 656–57. The jury found Davis guilty of first degree robbery but answered the deadly weapon interrogatory in the negative. In affirming the conviction and holding that complicity to an armed robbery does not depend upon knowledge of the coparticipant's weapon, the Supreme Court specifically discussed and reaffirmed *McKim*:

> Our conclusion in *McKim* rested in part upon our recognition of the differences between accomplice liability for a substantive crime and accomplice liability for enhancement statutes. We reasoned that the new complicity statute, unlike the old one, made an accomplice equally liable only for the substantive crime. *McKim,* at 117. We reaffirm this distinction.

*Davis,* at 658. *Accord, State v. Brown,* 36 Wn. App. 549, 676 P.2d 525, *review denied,* 101 Wn.2d 1024 (1984). I cannot agree that by adding the words "or an accomplice" in the SRA provision for deadly weapon sentence enhancement, the Legislature clearly and unambiguously manifested an intent to abolish the distinction between the principles of accomplice liability for substantive crimes and accomplice liability for sentence enhancement purposes.

Therefore, I believe a further search for legislative intent is required.

In 1986, 3 years after RCW 9.94A.125 was enacted, the Legislature amended RCW 9.95.015 to apply to persons convicted after July 1, 1986, for crimes committed before July 1, 1984. The Legislature did not change the wording relied upon by the *McKim* court and left intact the phrase "whether or not the accused was armed with a deadly weapon". This action is ambiguous. If the Legislature had clearly intended to change the rule to allow sentence enhancement on a strict liability basis it would not have left the crucial wording of RCW 9.95.015 intact but would have amended that wording to conform to RCW 9.94A.125.

Where, as here, the intent of the Legislature is not clear from the language of the statute, we may consider legislative history. *Bellevue Fire Fighters Local 1604 v. Bellevue*, 100 Wn.2d 748, 751, 675 P.2d 592 (1984), *cert. denied*, 471 U.S. 1015 (1985). RCW 9.94A.125 was enacted in 1983. The reports of the Senate Judiciary Committee state that the purpose of the enactment was to establish a definition for deadly weapons along with a legal procedure for establishing whether the defendant or an accomplice was armed with a deadly weapon during the commission of a felony. Senate Report 3416 (Feb. 4, 1983); House Report ESB 3416 (Apr. 1, 1983). The reports do not mention any intention to change the case law which had developed with regard to the then existing deadly weapons statutes, RCW 9.95.015 and RCW 9.95.040.

The language that was employed in the bill originated with the Sentencing Guidelines Commission. Motion 83–296, Minutes of Sentencing Guidelines Commission (Jan. 3, 1983). During discussions of the motion, and during other meetings of the Commission, members, in particular the King County Prosecuting Attorney, stated that the proposed deadly weapon language reflected existing law. There were no statements to the effect that the rule in *McKim* was to be changed. In fact the *Sentencing Guidelines*

*Implementation Manual* issued by the Sentencing Guidelines Commission states the opposite: "The definition and procedural requirements for the deadly weapon allegation and finding are carried over from existing law." Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* pt. II, § 9.94A.125 comment, at II–25 (1988).

Requiring the State to prove a higher state of culpability than strict liability in order to enhance a defendant's sentence, is consistent with the policy premises of the SRA. As noted in Boerner's treatise on the SRA:

> The reference in RCW 9.94A.125 and RCW 9.94A.310 to "or an accomplice" will certainly be construed in light of the accomplice definition in RCW 9A.08.020, which is bottomed on the accomplice's "own mental culpability," a condition established only by actual possession or knowledge. This construction will not render the phrase "or an accomplice" superfluous, since it is common for an accomplice to have knowledge that the principal was so armed. It would insure that the enhancement provision would not apply absent such knowledge. Such a result is consistent with the purposes of the Sentencing Reform Act in that it is likely to "ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense," and with the Criminal Code in that it will "differentiate on reasonable grounds between serious and minor offenses and prescribe proportionate [penalties] for each." Distinctions based on difference of individual culpability are wholly consistent with, if not compelled by, the purposes of the Sentencing Reform Act.

(Footnotes omitted.) D. Boerner, *Sentencing in Washington* § 5.19, at 5–29 (1985).[1]

I conclude that the statute is ambiguous; that there is no indication of a legislative intent to overrule prior case law; that prior and present case law recognizes a distinction between accomplice liability for the substantive crime and

---

[1]Although I agree with Dean Boerner's policy analysis, I cannot accept his application of the complicity statute, RCW 9A.08.020, because *McKim* and *State v. Davis,* 101 Wn.2d 654, 682 P.2d 883 (1984), specifically limited that statute's application to the substantive crime.

accomplice liability for purposes of sentence enhancement; and that this distinction is consistent with the policies and purposes of the SRA. I would hold that the trial court erred in giving instruction 15 which did not require the State to prove, for purposes of sentence enhancement, beyond a reasonable doubt that Dean had knowledge that the coparticipant was armed. However, for the reasons set forth in the majority opinion, I would hold that the error was harmless.

Review denied at 113 Wn.2d 1020 (1989).