Honorable Mike Kreidler Office of Insurance Commissioner P.O. Box 40225 Olympia, WA 98504-0225
Dear Commissioner Kreidler:
By letter previously acknowledged, you have requested our opinion on the following questions:
 1. Are the confidentiality and privilege created by RCW 48.02.065(1) and (6) mandatory, or may the Office of Insurance Commissioner (OIC), in its discretion, release working papers, documents, materials, or information produced by, obtained by, or disclosed to the OIC in the course of a financial or market conduct examination, in response to a public disclosure request under RCW 42.56, or in response to a subpoena directed to the OIC?
 2. Do the confidentiality and privilege created by RCW 48.02.065(1) and (6) apply to working papers, documents, materials, or information produced by, obtained by, or disclosed in the course of a financial or market conduct examination to a consultant or contractor acting under the direction of the OIC?
 [original page 2] 3. Do working papers, documents, materials, or information produced by, obtained by, or disclosed to the OIC in the course of a financial or market conduct examination remain confidential and privileged pursuant to RCW 48.02.065(1) and (6) even if a financial or market conduct examination report is never issued?
 BRIEF ANSWER
In response to your first question, the confidential and privileged nature of the documents described is mandatory by the language of RCW 48.02.065(1). The language in RCW 48.02.065(6), indicating that the documents are not required to be disclosed by the Insurance Commissioner, unless cited by the Commissioner in connection with an agency action, does not conflict with the mandatory language of RCW 48.02.065(1).
In response to your second question, documents, materials, and information that are confidential and privileged according to RCW 48.02.065(1) include working papers, documents, materials, or information produced by, obtained by, or disclosed to a consultant or contractor acting under the direction of the Insurance Commissioner in the course of a financial or market conduct examination.
In response to your third question, documents, materials, and information described in RCW 48.02.065(6) are confidential and privileged according to RCW 48.02.065(1), and the confidential and privileged nature of the documents, materials, and information is not dependent upon the issuance of a financial or market conduct examination report by the Insurance Commissioner.
 ANALYSIS
The above questions seek clarification regarding the application of specific statutory provisions — RCW 48.02.065(1) and (6). These statutes pertain to the disclosure of certain documents, materials, and information produced or obtained by the Insurance Commissioner. Other statutes address the disclosure and nondisclosure of public records more generally. The Public Records Act, RCW 42.56, is a "strongly worded mandate for broad disclosure of public records." Spokane Police Guild v. Liquor Control Bd., 112 Wn.2d 30, 33, 769 P.2d 283, 284 (1989). Nonetheless, numerous statutes provide for confidentiality of certain public records and exemptions from public disclosure, including statutes within and outside the Public Records Act. See, e.g., RCW 42.56.230-.480; RCW 43.06A.050; RCW 82.32.330(2).
Some general concepts of statutory construction guide this analysis. Statutes should be construed to determine the Legislature's intent. Dep't of Ecology v. Campbell Gwynn, L.L.C., 146 Wn.2d 1, 43 P.3d 4
(2002). "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." Id. at 9-10. The "plain meaning" of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found,[original page 3] related provisions, and the statutory scheme as a whole. Id. at 10-11. Where statutory language is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself. Bellevue Fire Fighters Local 1604 v. City of Bellevue,100 Wn.2d 748, 675 P.2d 592 (1984).
Statutes relating to the same subject must be read as complementary instead of in conflict with each other. State v. Chapman, 140 Wn.2d 436,998 P.2d 282 (2000). An ambiguous statute is one amenable to different, reasonable interpretations. McGinnis v. State, 152 Wn.2d 639,99 P.3d 1240 (2004). A statute is not ambiguous simply because one can conceive of different interpretations. Frat. Order of Eagles, Tenino Aerie 564 v. Grand Aerie of Frat. Order of Eagles, 148 Wn.2d 224,59 P.3d 655 (2002).
1. Are the confidentiality and privilege created by RCW 48.02.065(1)and (6) mandatory, or may the Office of Insurance Commissioner (OIC), inits discretion, release working papers, documents, materials, orinformation produced by, obtained by, or disclosed to the OIC in thecourse of a financial or market conduct examination, in response to apublic disclosure request under RCW 42.56, or in response to a subpoenadirected to the OIC?
RCW 48.02.065(1) states:
 Documents, materials, or other information as described in either subsection (5) or (6), or both, of this section are confidential by law and privileged, are not subject to public disclosure under chapter 42.56 RCW, and are not subject to subpoena directed to the commissioner or any person who received documents, materials, or other information while acting under the authority of the commissioner. The commissioner is authorized to use such documents, materials, or other information in the furtherance of any regulatory or legal action brought as a part of the commissioner's official duties. The confidentiality and privilege created by this section and RCW 42.56.400(9) applies only to the commissioner, any person acting under the authority of the commissioner, the national association of insurance commissioners and its affiliates and subsidiaries, regulatory and law enforcement officials of other states and nations, the federal government, and international authorities.
The above-quoted statute refers to documents, materials, or other information as described in RCW 48.02.065(5) and (6). RCW 48.02.065(5), which does not have any direct bearing on the specific questions posed, states:
 Documents, materials, or information, which is either confidential or privileged, or both, which has been provided to the commissioner by (a) the national association of insurance commissioners and its affiliates and subsidiaries, (b) regulatory or law enforcement officials of other states and nations, the federal government, or international authorities, or (c) agencies of this state, is confidential and privileged only if the documents, materials, or information is [original page 4] protected from disclosure by the applicable laws of the jurisdiction that is the source of the document, material, or information.
RCW 48.02.065(6) further defines the documents referenced in RCW 48.02.065(1) but also provides for disclosure under specified circumstances:
 Working papers, documents, materials, or information produced by, obtained by, or disclosed to the commissioner or any other person in the course of a financial or market conduct examination, or in the course of financial analysis or market conduct desk audit, are not required to be disclosed by the commissioner unless cited by the commissioner in connection with an agency action as defined in RCW 34.05.010(3).[1] The commissioner shall notify a party that produced the documents, materials, or information five business days before disclosure in connection with an agency action. The notified party may seek injunctive relief in any Washington state superior court to prevent disclosure of any documents, materials, or information it believes is confidential or privileged. In civil actions between private parties or in criminal actions, disclosure to the commissioner under this section does not create any privilege or claim of confidentiality or waive any existing privilege or claim of confidentiality.
 The plain language of RCW 48.02.065(1) states that the documents described in subsection (6) are confidential, privileged, and not subject to either public disclosure or subpoena. The confidential nature of the documents is bolstered by RCW 42.56.400(9), a provision within the Public Records Act, which exempts from disclosure "[d]ocuments, materials, or information obtained by the insurance commissioner under RCW 48.02.065, all of which are confidential and privileged[.]"
 As a general principle, the Public Records Act's disclosure provisions are to be "liberally construed and its exemptions narrowly construed" to promote the policies of the Act. RCW 42.56.030. See also Koenig v. City of Des Moines, 158 Wn.2d 173, 180, 142 P.3d 162, 164 (2006). However, when unambiguous statutory language shows the Legislature's intent to declare that particular documents are confidential or exempt from disclosure, the general principle favoring disclosure is overcome. The records at issue here are confidential, privileged, and not subject to disclosure based on RCW 48.02.065(1), as well as exempt from disclosure based on RCW 42.56.400(9).[2]
[original page 5] There is no conflict between RCW 48.02.065(1) and (6). Reading all subsections of the statute together, it appears that subsection (1) is intended to provide for confidentiality generally, and the subsections following it further elaborate on that confidentiality, including subsection (6), which contains an exception to the confidentiality language in subsection (1). Subsection (6) states that the specified documents "are not required to be disclosed by the commissioner unless cited . . . in connection with an agency action." This subsection merely means that the Insurance Commissioner may be required to disclose documents cited in connection with an agency action (that is, as an exception to subsection (1)), but not otherwise. Even the requirement of disclosure in subsection (6) is subject to challenge by the party that produced the document. RCW 48.02.065(6).
The provisions of RCW 48.02.065(1), RCW 48.02.065(6), and RCW 42.56.400(9) may be reasonably read as complementary rather than conflicting, and there is no apparent ambiguity as to the Legislature's intent that the Insurance Commissioner not disclose the records at issue unless cited in connection with an agency action. If cited in connection with an agency action, then the specific documents must be disclosed in response to a public disclosure request or subpoena unless a superior court enjoins such disclosure. There is no language in any of the relevant statutory provisions indicating that disclosure of the documents at issue is subject to the discretion of the Insurance Commissioner. Therefore, our response to your first question is that the confidential and privileged nature of the documents, materials, and information is mandatory and not subject to agency discretion.
2. Do the confidentiality and privilege created by RCW 48.02.065(1)and (6) apply to working papers, documents, materials, or informationproduced by, obtained by, or disclosed in the course of a financial ormarket conduct examination to a consultant or contractor acting underthe direction of the OIC?
The second question appears to be answered by the plain language of RCW 48.02.065(1) and (6). Subsection (1) extends the confidentiality and privilege to "the commissioner or any person who received documents, materials, or other information while acting under the authority of the commissioner." Similarly, subsection (6) uses the phrase "produced by, obtained by, or disclosed to the commissioner or any other person" in describing the scope of the protected documents. The language of these statutory provisions unambiguously includes consultants or contractors working under the direction of the Insurance Commissioner.
3. Do working papers, documents, materials, or information producedby, obtained by, or disclosed to the OIC in the course of a financial ormarket conduct examination remain confidential and privileged pursuantto RCW 48.02.065(1) and (6) even if a financial or market conductexamination report is never issued?
Your third question seeks clarification as to whether the documents at issue remain confidential even if the Insurance Commissioner does not issue a financial or market conduct [original page 6] report. The two statutory provisions are not in conflict on this point. RCW 48.02.065(1) states that the documents, materials, and information produced by, obtained by, or disclosed to the OIC in the course of a financial or market conduct examination are confidential and privileged. The statute does not contain any language indicating that the confidential and privileged nature of the documents, materials, and information is dependent upon the issuance of a financial or market conduct report. Similarly, RCW 48.02.065(6) requires the OIC to notify a party before disclosing certain information in connection with an agency action, but it neither mandates that any agency action be taken nor that any information be cited in connection with an agency action.[3]
Therefore, we conclude that the information made confidential remains confidential and privileged regardless of whether the information leads to the issuance of a financial or market conduct examination report.
We trust that the foregoing will be useful to you.
ROB MCKENNA Attorney General
CAROL MURPHY Deputy Solicitor General
[1] The language "or in the course of financial analysis or market conduct desk audit" in RCW 48.02.065(6) was added during the most recent legislative session, and the modification is effective July 22, 2007. Laws of 2007, ch. 126, § 1(6). The new language alters the class of documents referenced in the statute but does not impact the analysis or treatment of records that are referenced. Your request does not seek clarification of the law with respect to any specific document but clarification of the general standard applying to any documents covered by RCW 48.02.065(6). Therefore, the recent amendment does not alter this analysis.
[2] There may be legally significant differences between the designation of "confidential and privileged" and the designation of "exempt from public disclosure", but your questions do not appear to raise issues regarding the distinction and, therefore, we do not address the point here.
[3] The issuance of an examination report is addressed in RCW 48.03.040.